1
2
3
4
5
6
7
8     THE HONORABLE RICARDO S. MARTINEZ
9
10
11
12
13          UNITED STATES DISTRICT COURT
14          WESTERN DISTRICT OF WASHINGTON
15                    AT SEATTLE
16
17
18  ROBERT KENNY,                          No. CV 14-1987-RSM
19
20              Plaintiff,                 ANSWER AND AFFIRMATIVE
21                                         DEFENSES TO COMPLAINT
22        v.
23
24  PACIFIC INVESTMENT
25  MANAGEMENT COMPANY LLC, a
26  Delaware limited liability company;
27  PIMCO INVESTMENTS LLC,
28
29              Defendants.
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51  DEFENDANTS' ANSWER AND AFFIRMATIVE         **Ropes & Gray LLP**            **Perkins Coie LLP**
    DEFENSES TO COMPLAINT                 Prudential Tower, 800 Boylston St.   1201 Third Avenue, Suite 4900
    (CASE NO. CV 14-1987-RSM)             Boston, MA  02199-3600              Seattle, WA  98101-3099
                                          Phone:  617.951.7000               Phone:  206.359.8000
                                          Fax:  617.951.7050                 Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

## ANSWER TO COMPLAINT

Defendants Pacific Investment Management Company LLC ("PIMCO") and PIMCO Investments LLC ("PIMCO Investments") (collectively, the "Defendants") answer Plaintiff Robert Kenny's complaint (the "Complaint") as follows.   Except as otherwise expressly admitted, Defendants deny each and every allegation in paragraphs 1 through 172 of the Complaint, including, without limitation, the headings, subheadings, tabular illustrations, footnotes, and exhibits contained in the Complaint.  To the extent that any response is required to headings or other unnumbered paragraphs in the Complaint, Defendants deny all allegations contained therein.  Defendants expressly reserve the right to amend and/or supplement their Answer.

1.      Defendants admit that Plaintiff holds PIMCO Total Return Fund (the "Fund") Class A shares, and that the Fund was until recently the world's largest bond fund.  Defendants admit that Plaintiff purports to bring claims against Defendants under Section 36(b) of the Investment Company Act of 1940 ("ICA"), but deny the remaining allegations of Paragraph 1, and specifically deny that Defendants have breached a fiduciary duty by receiving excessive compensation from the Fund.

2.      Defendants admit that Plaintiff purports to bring this action for the purposes claimed in Paragraph 2 of the Complaint, but deny the remaining allegations of Paragraph 2, and specifically deny that Defendants have retained any improper compensation in breach of a fiduciary duty under Section 36(b) of the ICA and that "the conduct complained of herein is continuing in nature."

## I.      JURISDICTION AND VENUE

3.      The allegations of Paragraph 3 state legal conclusions to which no answer is required.

4.      The allegations of Paragraph 4 state legal conclusions to which no answer is required.

**Ropes & Gray LLP**
Prudential Tower, 800 Boylston St.
Boston, MA  02199-3600
Phone:  617.951.7000
Fax:  617.951.7050

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

5.      The allegations of the first sentence of Paragraph 5 state legal conclusions to which no answer is required.  Defendants admit that they transact business in the Western District of Washington and otherwise deny the remaining allegations of Paragraph 5.

6.      The allegations of Paragraph 6 state legal conclusions to which no answer is required.

7.      The allegations of Paragraph 7 state legal conclusions to which no answer is required.

## II.      PARTIES

### A.      Plaintiff

8.      Defendants admit that Plaintiff Kenny holds Class A shares of the Fund. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and thus deny those allegations except that Defendants admit that their representatives and/or agents have at times been in contact with Plaintiff via telephone, email, U.S. Mail, telefax, and/or through PIMCO's websites.

### B.      The Fund

9.      Defendants admit that PIMCO Funds (the "Trust") is an open-end management investment company ("mutual fund") registered under the ICA which, at the time the Complaint was filed, consisted of 91 separate series, including the Fund.  Defendants further admit that PIMCO serves as the investment adviser and the administrator, and PIMCO Investments as the distributor, of the Fund.  Defendants admit that as of March 31, 2014, the Fund's net assets totaled $231,913,628.   Defendants admit that the Fund's investment objective is to seek maximum total return, consistent with preservation of capital and prudent investment management, and that the Fund seeks to achieve its investment objective by investing under normal circumstances at least 65% of its total assets in a diversified portfolio of Fixed Income Instruments of varying maturities, which may be represented by forwards or derivatives such as options, futures contracts, or swap agreements.  Defendants state that the PIMCO Funds Prospectus ("Prospectus") referenced in Paragraph 9, and the PIMCO Funds Statement of

**Ropes & Gray LLP**
Prudential Tower, 800 Boylston St.
Boston, MA  02199-3600
Phone:  617.951.7000
Fax:  617.951.7050

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Additional Information ("SAI") referenced in footnote 1, are in writing and speak for themselves.

10.     Defendants admit that the Fund was until recently the world's largest bond fund.

11.     Defendants admit that PIMCO is a Delaware limited liability company headquartered in Newport Beach, California.  Defendants admit that PIMCO is a registered investment advisor under the Investment Advisers Act of 1940.  Defendants further admit that PIMCO has received compensation from the Fund and other funds in the Trust for investment and administrative services it provided to the Fund and other funds in the Trust.  Defendants admit that PIMCO is a majority owned subsidiary of Allianz Asset Management of America L.P. with minority interests held by certain of its current and former officers, by Allianz Asset Management of America LLC, and by PIMCO Partners, LLC, a California limited liability company.  Defendants admit that prior to December 31, 2011, Allianz Asset Management of America L.P. was named Allianz Global Investors of America L.P.  Defendants also admit that PIMCO Partners, LLC is owned by certain current and former officers of PIMCO, and that through various holding company structures, Allianz Asset Management of America L.P. is majority owned by Allianz SE.  Defendants deny Plaintiff's categorization that PIMCO "regularly" transacts business in Washington, and deny all remaining allegations of Paragraph 11.

12.     Defendants admit that PIMCO Investments is a registered broker-dealer under the Securities and Exchange Act of 1934 and a member of FINRA.  Defendants also admit that PIMCO Investments is headquartered in New York, NY, registered to operate in Washington State, and maintains an office in Newport Beach, California.  Defendants admit that PIMCO Investments is a wholly-owned subsidiary of PIMCO and an indirect subsidiary of Allianz Asset Management of America L.P.  Defendants also admit that Defendant PIMCO Investments was paid fees by the Fund and other funds in the Trust for its services as the distributor and principal underwriter in the continuous public offering of shares of the Fund and other Funds in the Trust pursuant to separate distribution and/or servicing plans ("12b-1 Plans") and a distribution

Ropes & Gray LLP
Prudential Tower, 800 Boylston St.
Boston, MA  02199-3600
Phone:  617.951.7000
Fax:  617.951.7050

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

contract with the Trust, each of which is subject to annual approval by the Board of Trustees. Defendants deny Plaintiff's categorization that PIMCO "regularly" transacts business in Washington, and deny the remaining allegations of Paragraph 12.

## III.    GENERAL BACKGROUND

### A.    The Investment Company Act of 1940

13.    Defendants state that the documents referenced in Paragraph 13 are in writing and speak for themselves.

14.    Defendants state that the statute referenced in Paragraph 14 is in writing and speaks for itself.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the last sentence of Paragraph 14.

15.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the first sentence of Paragraph 15.  Defendants state that the documents referenced in Paragraph 15 are in writing and speak for themselves.

16.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and thus deny all allegations of Paragraph 16.  The allegations of the last sentence of Paragraph 16 state legal conclusions to which no answer is required.

17.    Defendants state that the statute referenced in Paragraph 17 is in writing and speaks for itself.

18.    Defendants state that the documents referenced in Paragraph 18 are in writing and speak for themselves.

### B.    Inherent Conflict in the Structure of Mutual Funds

19.    Defendants admit that mutual funds are pools of assets, and that mutual funds generally have few or no employees because the management and operations of a mutual fund are typically externalized and contractually delegated to its investment adviser.  Defendants deny the remaining allegations of Paragraph 19.

**Ropes & Gray LLP**
Prudential Tower, 800 Boylston St.
Boston, MA  02199-3600
Phone:  617.951.7000
Fax:  617.951.7050

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

20.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the creation and management of mutual funds relating to the industry as a whole.

21.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the mutual fund industry as a whole. Defendants state that the published interview referenced in Paragraph 21 is in writing and speaks for itself.

22.     Defendants state that the document referenced in Paragraph 22 is in writing and speaks for itself.

23.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the mutual fund industry as a whole. Defendants state that the opinion in *Jones v. Harris Associates L.P.*, 537 F.3d 728 (7th Cir. 2008), *vacated and remanded*, 559 U.S. 335 (2010), referenced in Paragraph 23, is in writing and speaks for itself.  Defendants deny the remaining allegations of Paragraph 23.

24.     Defendants state that the opinion in *Jones v. Harris Associates L.P.*, 559 U.S. 335 (2010), referenced in Paragraph 24, is in writing and speaks for itself.

**C.     Mutual Fund Fees**

25.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning mutual fund fees in the industry generally.  Defendants state that the document referenced in the second sentence of Paragraph 25 is in writing and speaks for itself.

26.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning mutual fund fees in the industry generally, and that the hypothetical fee illustration set forth in Paragraph 26 was reproduced from a publication that is in writing and speaks for itself.

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT
(CASE NO. CV 14-1987-RSM) – 5

**Ropes & Gray LLP**
Prudential Tower, 800 Boylston St.
Boston, MA  02199-3600
Phone:  617.951.7000
Fax:  617.951.7050

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

**D.     Rule 12b-1 Distribution Plans**

27.     The first sentence of Paragraph 27 states legal conclusions to which no answer is required.  Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations concerning the mutual fund industry as a whole.  Finally, Defendants state that the document referenced in Paragraph 27 is in writing and speaks for itself.

28.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the mutual fund industry as a whole.  Moreover, the allegations in Paragraph 28 are legal arguments that do not require an admission or denial.

29.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the SEC and the mutual fund industry as a whole.  Moreover, the allegations in Paragraph 29 are legal arguments that do not require an admission or denial.  Finally, Defendants state that the opinion in *Meyer v. Oppenheimer Mgmt. Corp.*, 895 F.2d 861 (2d Cir. 1990), referenced in Paragraph 29, is in writing and speaks for itself.

30.     Defendants state that the allegations in Paragraph 30 are legal arguments that do not require an answer.  Defendants further state that the federal regulation referenced in Paragraph 30 is in writing and speaks for itself.  Defendants deny that there is any requirement that "minutes must be maintained to record all aspects of the trustees' deliberations."

31.     The first allegation in Paragraph 31 is a legal argument that does not require an answer, but to the extent that it does, Defendants deny the allegation.  Defendants further state that the document referenced in the remaining allegations of Paragraph 31 is in writing and speaks for itself.

32.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and thus deny those allegations.  Defendants further state that the document referenced in Paragraph 32 is in writing and speaks for itself.

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT
(CASE NO. CV 14-1987-RSM) – 6

**Ropes & Gray LLP**
Prudential Tower, 800 Boylston St.
Boston, MA  02199-3600
Phone:  617.951.7000
Fax:  617.951.7050

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

# IV.    PIMCO BACKGROUND

## A.    PIMCO Fund Complex

33.     Defendants admit that the Fund is organized as a series of the Trust, and that the business of the Trust is managed under the direction of the Trust's Board of Trustees (the "Board").  Defendants deny Plaintiff's characterization of the Board as "unitary."  Defendants admit that the Board also oversees the PIMCO Variable Insurance Trust and the PIMCO ETF Trust, but deny that the Board oversees the PIMCO Equity Series and the PIMCO Equity Series VIT.  Defendants admit, however, that some of the Fund's trustees also serve as trustees for other mutual funds managed by PIMCO (the mutual funds managed by PIMCO are collectively referred to as the "Fund Complex").  Defendants admit that as of March 31, 2014, the Fund's net assets were $231,913,628.   Defendants admit that as of June 30, 2014, PIMCO had approximately $1.97 trillion in assets under management in its various business lines, but deny that these assets were all held in the Trust.  Defendants state that the document referenced in Paragraph 33, PIMCO Funds, Statement of Additional Information (July 31, 2014, as supplemented Nov. 7, 2014), is in writing and speaks for itself.  Defendants deny the remaining allegations of Paragraph 33.

## B.    Turmoil at PIMCO and the Fund

34.     Defendants are without knowledge sufficient to admit or deny the allegations in Paragraph 34 regarding the 401(k) industry generally.   Defendants further state that the document referenced in Paragraph 34 is in writing and speaks for itself.

35.     Defendants admit that William H. Gross is a co-founder and former chief investment officer of PIMCO and that the Fund's inception date is May 11, 1987.  Defendants also admit that the number of investors in the Fund has at times grown over the years, and that as of March 31, 2004, the Fund's aggregate net assets were approximately $76 billion and approximately $230 billion as of March 31, 2014.  Defendants also admit that the Fund's aggregate net assets were approximately $292 billion in April 2013.  Defendants otherwise deny the allegations of Paragraph 35 in the form and manner alleged.

**Ropes & Gray LLP**
Prudential Tower, 800 Boylston St.
Boston, MA  02199-3600
Phone:  617.951.7000
Fax:  617.951.7050

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

36.     Defendants deny that the Fund failed to outperform its benchmark in 2012. Defendants admit that the Fund lost 1.92% in 2013.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's characterization of the Fund's peers in Paragraph 36 and thus deny those allegations.  Defendants further state that the documents referenced in Paragraph 36 are in writing and speak for themselves.  Defendants deny the remaining allegations in Paragraph 36 in the form and matter alleged.

37.     Defendants deny the allegation in the first sentence of Paragraph 37.  Defendants admit that Mohamed El-Erian, former Chief Executive Officer and Co-Chief Investment Officer of PIMCO, announced his resignation from PIMCO in January 2014.  Defendants further admit that William H. Gross, former Chief Investment Officer of PIMCO, resigned from PIMCO on September 26, 2014.  Defendants state that the documents referenced in Paragraph 37 are in writing and speak for themselves.  Defendants deny the remaining allegations in Paragraph 37 in the form and manner alleged.

38.     Defendants deny the allegations in the first and second sentences of Paragraph 38. Defendants state that the document referenced in the third sentence of Paragraph 38 (i.e., a published article "reportedly" setting forth compensation figures) is in writing and speaks for itself.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the fifth sentence of Paragraph 38.  Defendants state that the documents referenced in the fourth, sixth and seventh sentences of Paragraph 38 are in writing and speak for themselves.  To the extent that there are any, Defendants deny the remaining allegations of Paragraph 38.

39.     Defendants deny the allegations of Paragraph 39, and specifically deny that Mr. Popejoy was forced to resign from the Board.  Defendants state that the document referenced in Paragraph 39 is in writing and speaks for itself.

## V.     SUBSTANTIVE ALLEGATIONS

40.     Defendants deny the allegations of Paragraph 40.

Ropes & Gray LLP
Prudential Tower, 800 Boylston St.
Boston, MA  02199-3600
Phone:  617.951.7000
Fax:  617.951.7050

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

41.     The allegations of Paragraph 41 state legal conclusions to which no answer is required.  Defendants further state that the documents referenced in Paragraph 41 are in writing and speak for themselves.

42.     The allegations of Paragraph 42 state legal conclusions to which no answer is required.  Defendants further state that the documents referenced in Paragraph 42 are in writing and speak for themselves.

43.     The allegations of Paragraph 43 state legal conclusions to which no answer is required.  Defendants further state that the document referenced in Paragraph 43 is in writing and speaks for itself.

44.     The allegations of Paragraph 44 state legal conclusions to which no answer is required.  Defendants further state that the documents referenced in Paragraph 44 are in writing and speak for themselves.

45.     The allegations of Paragraph 45 state legal conclusions to which no answer is required.  Defendants deny that a review of the "*Gartenberg* factors" and the facts in this case demonstrates that the fees charged by Defendants to the Fund violate Section 36(b).

A.     **Size of Fees Paid by the Fund to PIMCO**

46.     Defendants admit that they provide the Fund with different sets of services, including advisory, supervisory and administrative, and shareholder servicing and distribution services, for which they receive compensation.  Defendants also admit that there were eight share classes within the Fund as of the filing of the Complaint, though Class B shares have not been offered since November 1, 2009 except through exchanges and dividend reinvestments. Defendants further state that all Class B shares converted to Class A shares on March 25, 2015. Defendants state that the document referenced in Paragraph 46 is in writing and speaks for itself. Defendants admit that the minimum investment levels are lower for the retail share classes and that the fee rates vary somewhat from share class to share class.  Defendants deny the remaining allegations of Paragraph 46 in the form and manner alleged.

**Ropes & Gray LLP**
Prudential Tower, 800 Boylston St.
Boston, MA  02199-3600
Phone:  617.951.7000
Fax:  617.951.7050

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

47.     Defendants admit the allegations of Paragraph 47 as applied to the Fund. Defendants further state that the Fund's fee rates reflected in the chart in Paragraph 47 were the current fee rates charged by share class as of the filing of the Complaint on December 31, 2014.[1]

48.     Defendants admit that instead of being charged a distribution fee, the Fund's Class A shareholders are charged an initial sales charge that varies depending upon the size of the purchase as follows:

| Amount of Purchase | Initial Sales Charge as % of Public Offering Price |
|---|---|
| Under $100,000 | 3.75% |
| $100,000 but under $250,000 | 3.25% |
| $250,000 but under $500,000 | 2.25% |
| $500,000 but under $1,000,000 | 1.75% |
| $1,000,000+ | 0.00% |

49.     Defendants deny the allegations in Paragraph 49 in the form and manner alleged, except Defendants admit that in 2008, the supervisory and administrative fees for the Fund's institutional and administrative shares changed from 0.18% to 0.21%, and the supervisory and administrative fee for Class A, B, C, and R shares was reduced from 0.40% to 0.35% in May 2011.

1.     **Investment Advisory, Supervisory and Administrative Fees**

50.     Defendants admit that PIMCO serves as investment adviser to the Fund pursuant to an Investment Advisory Contract (the "Advisory Contract") between PIMCO and the Trust. Defendants further admit that in this capacity, PIMCO provides the Fund with an array of

---

[1] With respect to each reference hereinafter in this Answer to Class B shares of the Fund, Defendants state that effective November 1, 2009, Class B shares of the Fund were no longer available for purchase except through exchanges and dividend reinvestments, and further that all Class B shares converted to Class A shares on March 25, 2015.

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT
(CASE NO. CV 14-1987-RSM) – 10

Ropes & Gray LLP
Prudential Tower, 800 Boylston St.
Boston, MA  02199-3600
Phone:  617.951.7000
Fax:  617.951.7050

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

complex, specialized services, including but not limited to: (1) making and executing investment decisions with counterparties selected by PIMCO; (2) continuous and significant investments in talent and innovation, including investments in (a) information technology supporting investment management and compliance, (b) new disciplines, (c) attracting and retaining talented personnel, and (d) enhancing resources and systems; (3) providing the Board with periodic reports on the Fund's investment performance; and (4) managing the Fund's counterparty risk, including requiring daily collateral adjustments.  Defendants deny the remaining allegations of Paragraph 50.

51.     Defendants admit that PIMCO serves as the Fund's administrator pursuant to a Supervision and Administration Agreement between PIMCO and the Trust.  Defendants further admit that in this capacity, PIMCO performs and/or procures an increasingly broad and complex set of supervisory and administrative services for the Fund, and pays virtually all of the Fund's expenses, including, but not limited to:  (1) shareholder servicing functions, including preparing and printing shareholder reports and communications; (2) regulatory compliance, such as reports and filings with the SEC and state securities commissions; (3) general supervision of the operations of the Fund, including coordinating services performed by various outside parties; (4) registering the Fund's shares with the SEC; and (5) arranging at its own expense for the provision of legal, audit, custody, transfer agency and other services for the Funds.  Defendants also admit that the Fund compensates PIMCO for this broad range of supervisory and administrative services as part of an "all-in" or "unified" fee structure.  Defendants deny the remaining allegations of Paragraph 51.

52.     Defendants admit that for the Fund's fiscal year ending March 31, 2014, PIMCO received $641,047,097 in advisory fees and $608,321,040 in supervisory and administrative fees from the Fund.

53.     Defendants deny the allegations in Paragraph 53 in the form and manner alleged and further state that the document referenced in Paragraph 53 is in writing and speaks for itself.

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT
(CASE NO. CV 14-1987-RSM) – 11

**Ropes & Gray LLP**
Prudential Tower, 800 Boylston St.
Boston, MA  02199-3600
Phone:  617.951.7000
Fax:  617.951.7050

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

54.     Defendants deny the allegations in Paragraph 54 in the form and manner alleged and further state that the document referenced in Paragraph 54 is in writing and speaks for itself.

55.     Defendants deny the allegations in Paragraph 55 in the form and manner alleged, except that Defendants admit that Morningstar is a respected provider of independent investment research.  Defendants further state that the documents referenced in Paragraph 55 are in writing and speak for themselves.

56.     Defendants deny the allegations in Paragraph 56 in the form and manner alleged and further state that the document referenced in Paragraph 56 is in writing and speaks for itself.

### 2.     Distribution Fee and Servicing Fee (12b-1 Fees)

57.     Defendants admit that PIMCO Investments serves as the distributor to the Fund and as the principal underwriter in the continuous public offering of each class of the Fund's shares.  Defendants also admit that at the time the Complaint was filed, pursuant to separate 12b-1 Plans for Class B, Class C, and Class R shares, PIMCO Investments received distribution fees from the Fund, and in connection with services rendered to Class A, Class B, Class C and Class R shareholders of the Fund and the maintenance of shareholder accounts, PIMCO Investments received servicing fees from the Fund.  Defendants further state that the document referenced in Paragraph 57 is in writing and speaks for itself.

58.     Defendants admit that at the time the Complaint was filed, the Fund had adopted separate 12b-1 Plans for its Class A, B, C, and R shares (the "Retail Plans"), as well as for Administrative Class and Class D shares.  Defendants further admit that at the time the Complaint was filed, Class B, C, and R shares paid both servicing and distribution fees; Administrative Class and Class D shares paid "distribution and/or servicing" fees; and Class A shares paid only servicing fees.  Defendants further admit that Class B shares are no longer offered for sale to investors except through reinvested dividends and exchanges.

59.     Defendants admit the allegations of Paragraph 59.  Defendants further state that the allegation in Paragraph 59 concerning the total compensation received by PIMCO Investments consists of a mathematical calculation that speaks for itself, and that the vast

Ropes & Gray LLP
Prudential Tower, 800 Boylston St.
Boston, MA  02199-3600
Phone:  617.951.7000
Fax:  617.951.7050

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

majority of all compensation received by PIMCO Investments is passed through to financial intermediaries.

60.     Defendants admit the allegations of Paragraph 60.

61.     Defendants deny the allegations of Paragraph 61.

62.     Defendants admit that distribution fees are calculated on the basis of the Fund's aggregate net assets, and otherwise deny the allegations of Paragraph 62.

63.     Defendants deny the allegations in Paragraph 63, except Defendants admit that the Fund's aggregate net assets were $76,205,221,000 as of March 31, 2004 and grew to $231,913,628,000 as of March 31, 2014.   Defendants also admit that the Fund paid approximately $124,286,449 in distribution and servicing fees for its fiscal year ending March 31, 2004 and approximately $297,406,000 for its fiscal year ending March 31, 2014.  Finally, Defendants admit that the Fund's distribution and servicing fees have not been reduced in the period of 2003 through 2013; however, Defendants state that the initial sales charge for Class A shares is reduced for purchases that reach certain volume thresholds and may be waived in certain circumstances.

64.     Defendants deny the allegations in Paragraph 64 in the form and manner alleged and further state that the document referenced in Paragraph 64 is in writing and speaks for itself.

**B.     Economies of Scale**

65.     The allegations of Paragraph 65 state legal conclusions to which no answer is required.   Defendants deny the following allegation in the form and manner alleged: "Economies of scale are created when (as with the Total Return Fund) assets under management increase more quickly than the cost of advising and managing those assets."  Defendants also deny the categorical allegation that "[t]he work required to operate a mutual fund does not increase proportionately with the assets under management."  Defendants further state that the documents referenced in Paragraph 65 are in writing and speak for themselves.

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT
(CASE NO. CV 14-1987-RSM) – 13

**Ropes & Gray LLP**
Prudential Tower, 800 Boylston St.
Boston, MA  02199-3600
Phone:  617.951.7000
Fax:  617.951.7050

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

66.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the management of mutual funds and mutual fund fees relating to the industry as a whole.

67.     Defendants deny the allegations in Paragraph 67, and specifically deny the categorical allegation that the investment advisory services or securities selection process for a ten billion dollar fund and a one billion dollar fund are virtually identical, generating enormous economies of scale.

68.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 and on that basis deny the allegations.  Defendants further state that the document referenced in Paragraph 68 is in writing and speaks for itself.

69.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 and on that basis deny the allegations.  Defendants further state that the documents referenced in Paragraph 69 are in writing and speak for themselves.

70.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 and on that basis deny the allegations.  Defendants further state that the document referenced in Paragraph 70 is in writing and speaks for itself.

71.     Defendants deny the allegations in Paragraph 71.  Defendants further state that the document referenced in Paragraph 71 is in writing and speaks for itself.

72.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 and on that basis deny the allegations.  Defendants further state that the documents referenced in Paragraph 72 are in writing and speak for themselves.

73.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 and on that basis deny

Ropes & Gray LLP
Prudential Tower, 800 Boylston St.
Boston, MA  02199-3600
Phone:  617.951.7000
Fax:  617.951.7050

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

the allegations. Defendants further state that the documents referenced in Paragraph 73 are in writing and speak for themselves.

74. Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 and on that basis deny the allegations, and specifically deny that the document referenced in Paragraph 74 supports the proposition for which it is referenced.

1. **PIMCO's Economies of Scale in Investment Advisory Services**

75. Defendants deny the allegations of Paragraph 75.

76. Defendants deny the allegations of Paragraph 76.

77. Defendants deny the allegations of Paragraph 77. Defendants are without knowledge or information sufficient to form a belief as to the accuracy of the data in the chart reflected in Paragraph 77 in the form and manner presented, as Plaintiff has not indicated which fees are included in his table or the source of his data.

78. Defendants admit that the advisory fee is an asset-based fee without breakpoints and therefore the fee, as a percentage of the Fund's assets under management, by design does not decrease as the Fund's assets increase. Defendants are without knowledge or information sufficient to form a belief as to the accuracy of the data in the chart reflected in Paragraph 78 in the form and manner presented, as Plaintiff has not indicated which fees are included in his table or the source of his data.

79. Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 and on that basis deny the allegations. Defendants further state that the document referenced in Paragraph 79 is in writing and speaks for itself.

80. Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 and on that basis deny the allegations. Defendants further state that the document referenced in Paragraph 80 is in writing and speaks for itself.

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT
(CASE NO. CV 14-1987-RSM) – 15

**Ropes & Gray LLP**
Prudential Tower, 800 Boylston St.
Boston, MA  02199-3600
Phone: 617.951.7000
Fax:  617.951.7050

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

2.      **Defendants' Economies of Scale in Supervisory and Administrative Services**

81.      Defendants deny all allegations in Paragraph 81 in the form and manner alleged.

82.      Defendants deny the allegations in Paragraph 82, except Defendants admit that the Fund's aggregate net assets were approximately $76 billion as of March 31, 2004, and the Fund paid approximately $351,098,000 in advisory and supervisory/administrative fees for its fiscal year ending March 31, 2004.  Defendants further admit that the Fund's aggregate net assets were approximately $231,913,628,000 as of March 31, 2014, and the Fund paid approximately $1,249,368,137 in advisory and supervisory/administrative fees for the fiscal year ending March 31, 2014.  Defendants specifically deny the allegations in the first sentence of Paragraph 82, and otherwise deny the remaining allegations in Paragraph 82 in the form and manner alleged.

83.      Defendants admit that at the time the Complaint was filed, the Fund's supervisory and administrative fees were 0.21% for its institutional and administrative classes; 0.25% for Class D; 0.31% for Class P; 0.35% for Class A, B, C, and R.  Defendants deny the allegation that Defendants charge the Fund shareholders seven to eleven times more than the typical cost for providing these services, and deny that the document referenced in Paragraph 83 supports the proposition for which it is referenced.

84.      Defendants admit that for the Fund's fiscal year ending March 31, 2014, the Fund paid PIMCO approximately $608,321,040 in supervisory and administrative fees for the supervisory and administrative services provided.

3.      **Defendants' Economies of Scale in Distribution and Servicing Fees**

85.      Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 and on that basis deny the allegations.

86.      Defendants deny the allegations of Paragraph 86.

87.      Defendants deny the allegations of Paragraph 87.

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT
(CASE NO. CV 14-1987-RSM) – 16

**Ropes & Gray LLP**
Prudential Tower, 800 Boylston St.
Boston, MA  02199-3600
Phone:  617.951.7000
Fax:  617.951.7050

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

## C.      Comparative Fee Structure

88.      Defendants state that the first allegation in Paragraph 88 is a legal argument that does not require an admission or denial.  Defendants further state that the opinions in *Krantz v. Prudential Inv. Fund Mgmt., LLC*, 305 F.3d 140 (3d Cir. 2002) and *Jones v. Harris Associates L.P.*, 559 U.S. 335 (2010), referenced in Paragraph 88, are in writing and speak for themselves. Defendants admit that the Plaintiff is purporting to compare the Fund's fees to fees charged by the Defendants to three other PIMCO clients: PIMCO's private clients, Harbor Capital Advisor's Bond Fund sub-advised by PIMCO, and the PIMCO Total Return Fund ETF.  Defendants deny the remaining allegations of Paragraph 88, and specifically deny that the three comparators referenced by Plaintiff present a benchmark for reviewing the compensation received by PIMCO for the Fund.

### 1.      Rates charged by PIMCO to Private Clients

89.      Defendants deny the allegations of Paragraph 89.  Defendants further state that Paragraph 89 states legal conclusions to which no answer is required.

90.      Defendants deny the allegations of Paragraph 90 and specifically refer to the description of services set forth in the answer to Paragraph 50, above.

91.      Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 and on that basis deny the allegations.  Defendants further state that the document referenced in Paragraph 91 is in writing and speaks for itself.

92.      Defendants admit that PIMCO offers a "total return" strategy to private separately-managed accounts.  Defendants further admit that PIMCO's separately managed accounts generally require a minimum investment amount of $75 million.  Defendants deny the remaining allegations of Paragraph 92.

93.      Defendants admit that PIMCO offers separately-managed account clients who invest in a "total return" strategy the option of paying a fixed fee or a performance fee. Defendants further admit that under the standard "fixed fee" option for separately-managed

**Ropes & Gray LLP**
Prudential Tower, 800 Boylston St.
Boston, MA  02199-3600
Phone:  617.951.7000
Fax:  617.951.7050

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

accounts with a "total return" strategy, the advisory fee on the first $25 million is 0.500%, the advisory fee on the next $25 million is 0.375%, and the advisory fee on amounts over $50 million is 0.250%.   Defendants further admit that under the "performance fee" option for separately managed accounts with a "total return" strategy, PIMCO may charge a base fee of 0.150% plus 15.0% of outperformance over the applicable index plus the base fee.   Defendants deny the remaining allegations of Paragraph 93, and specifically deny that Defendants charge clients in the separately-managed accounts much lower fee rates than those the Plaintiff and the Fund pay for the same investment advisory services.

94.     Defendants deny the allegations of Paragraph 94.

95.     Defendants deny the allegations of Paragraph 95.

96.     Defendants admit that, pursuant to the brochure comprising Part 2A of PIMCO's Form ADV for 2014, which is in writing and speaks for itself, the fee schedules for PIMCO's separately-managed accounts may be negotiated under certain circumstances.   Defendants deny the remaining allegations of Paragraph 96.

97.     Defendants deny the allegations of Paragraph 97, except that Defendants admit that the Fund's fee schedule does not employ breakpoints.

## 2.     Rates charged by PIMCO for sub-advising the Harbor Bond Fund

98.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98, except that Defendants admit that the Harbor Bond Fund is a bond fund offered by Harbor Capital Advisors, Inc. to investors.

99.     Defendants admit that PIMCO has provided sub-advisory services to the Harbor Bond Fund since 1987.   Defendants further admit that William H. Gross was the PIMCO portfolio manager that serviced the Harbor Bond Fund prior to his departure from PIMCO, and that the PIMCO portfolio managers who serviced the Harbor Bond Fund at the time the Complaint was filed were Scott A. Mather, Mark R. Kiesel, and Mihir P. Worah.   Defendants state that the document referenced in the third sentence of Paragraph 99 is in writing and speaks for itself.   Defendants deny the remaining allegations of Paragraph 99.

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT
(CASE NO. CV 14-1987-RSM) – 18

**Ropes & Gray LLP**
Prudential Tower, 800 Boylston St.
Boston, MA  02199-3600
Phone:  617.951.7000
Fax:  617.951.7050

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

100.    Defendants admit that William H. Gross was previously a PIMCO portfolio manager that serviced the Fund and the Harbor Bond Fund.  Defendants admit that the Fund pays PIMCO 25 basis points in exchange for the *investment advisory* services PIMCO provides the Fund, and that Harbor Bond Fund pays PIMCO 23 basis points in exchange for the *subadvisory services* PIMCO provides Harbor Bond Fund.  Defendants further admit that at the time the Complaint was filed, Harbor Bond Fund's institutional share class paid 54 basis points for total annual fund operating expenses, while the Fund's institutional share class paid 46 basis points for total annual fund operating expenses; the Fund's class A share class paid 85 basis points for total annual fund operating expenses, and the Fund's class B and C share classes paid 160 basis points for total annual fund operating expenses.  Defendants deny the remaining allegations of Paragraph 100.

101.    Defendants admit that the minimum initial investment for the Fund's Institutional Class is typically $1 million, and that a sales charge (load) is typically imposed on purchases by the Fund's Class A shareholders.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101 that relate to Harbor Bond Fund. Defendants deny the remaining allegations of Paragraph 101.

102.    Defendants deny the allegations of Paragraph 102 in the manner and form alleged.

103.    Defendants state that the document referenced in Paragraph 103 is in writing and speaks for itself.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 103 and thus deny those allegations.

**3.      Rates charged by PIMCO to the Total Return Active Exchange-Traded Fund**

104.    Defendants admit that PIMCO began offering the PIMCO Total Return Active Exchange-Traded Fund in February 2012 (rather than March 2012) and admit that it is a diversified portfolio of high quality bonds that is actively managed in an effort to maximize return in a risk-controlled framework.  Defendants admit that exchange-traded funds typically trade throughout the trading day, and do not typically have an investment minimum or sales load.

**Ropes & Gray LLP**
Prudential Tower, 800 Boylston St.
Boston, MA  02199-3600
Phone:  617.951.7000
Fax:  617.951.7050

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

105.    Defendants admit that at the time the Complaint was filed, the PIMCO Total Return Active Exchange-Traded Fund's total expense ratio was 55 basis points. Defendants further admit that at the time the Complaint was filed, the total expense ratio for the Fund's Class A shares was 85 basis points, and 160 basis points for Class B and C shares of the Fund.

106.    Defendants admit that William H. Gross was formerly the portfolio manager for the Fund and the ETF but deny the remaining allegations in Paragraph 106.

107.    Defendants deny the allegations of Paragraph 107 in the form and manner alleged.

108.    Defendants deny the allegations of Paragraph 108. Defendants further state that Paragraph 108 contains legal conclusions to which no answer is required.

**D.    The Nature and Quality Of the Services Provided To The Fund's Shareholders**

109.    Defendants deny the allegations of Paragraph 109, except that Defendants admit that PIMCO is responsible for, among a number of other things, the selection of the Fund's securities. Defendants further refer to the description of services set forth in the answer to Paragraph 50 above.

110.    Defendants deny that the Fund failed to outperform its benchmark in 2012. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's characterization of the Fund's peers in Paragraph 110 and thus deny those allegations. Defendants deny the remaining allegations in Paragraph 110, except Defendants admit that in calendar year 2013, the average annual total returns before taxes for Class A shareholders was down 5.97% and for Class B shareholders was down 6.36%.

111.    Defendants deny the allegations of Paragraph 111.

112.    Defendants deny the allegations in Paragraph 112 and further state that the document referenced in Paragraph 112 is in writing and speaks for itself.

113.    Defendants deny the allegations in Paragraph 113.

114.    Defendants deny the allegations of Paragraph 114.

115.    Defendants deny all allegations of Paragraph 115 in the form and manner alleged; however, Defendants admit that Plaintiff contacted the Fund and/or PIMCO on several occasions with questions and/or complaints regarding various issues related to the Fund.

**E.    The Profitability Of The Fund**

116.    The allegations of Paragraph 116 state legal conclusions to which no answer is required.

117.    Defendants deny the allegations in Paragraph 117.

118.    Defendants deny the allegations in Paragraph 118, except that Defendants state that the document referenced in Paragraph 118 is in writing and speaks for itself.

119.    Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning profitability in the mutual fund industry as a whole.

120.    Defendants admit that PIMCO is a subsidiary of Allianz SE, a German entity. Defendants state that the opinion in *Krantz v. Fidelity Mgmt. & Research Co.*, 98 F. Supp. 2d 150 (D. Mass. 2000), referenced in Paragraph 120, is in writing and speaks for itself.  Defendants deny the remaining allegations of Paragraph 120 in the form and manner alleged.

121.    Defendants admit that the Fund was until recently the world's largest bond fund and deny the remaining allegations of Paragraph 121.

122.    Defendants deny the allegations in Paragraph 122, except that Defendants admit that for its fiscal year ending March 31, 2014, the Fund incurred $1,549,750,000 in total expenses, which included approximately $641,047,000 in investment advisory fees.  Defendants also admit that for its fiscal year ending March 31, 2004, the Fund paid approximately $185 million in investment advisory fees, but deny Plaintiff's characterization that those fees were for the "same" advisory services as those provided during fiscal year ending March 31, 2014.

123.    Defendants deny the allegations in Paragraph 123, except that Defendants admit that for its fiscal year ending March 31, 2014, the Fund incurred $1,549,750,000 in total expenses, which included approximately $608,321,040 in supervisory and administrative fees.

Ropes & Gray LLP
Prudential Tower, 800 Boylston St.
Boston, MA  02199-3600
Phone:  617.951.7000
Fax:  617.951.7050

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Defendants also admit that for its fiscal year ending March 31, 2004, the Fund paid approximately $165.8 million in supervisory and administrative fees, but deny Plaintiff's characterization that those fees were for the "same" services as those provided during fiscal year ending March 31, 2014.

**F.    Fallout Benefits (Indirect Profits) To Defendants Attributable to the Fund**

124.    The allegations of Paragraph 124 state legal conclusions to which no answer is required.

125.    Defendants deny the allegations in Paragraph 125 in the form and manner alleged, except Defendants admit PIMCO's website states that: "PIMCO provides investment solutions in a variety of vehicles for individual investors and the financial intermediaries they work with. Please see our mutual fund and ETF websites for more information.  In addition, high-net-worth investors may be interested in learning more about PIMCO separate accounts."

126.    Defendants state that the document referenced in Paragraph 126 is in writing and speaks for itself.

127.    Defendants deny the allegations in the first two sentences of Paragraph 127. Defendants are without knowledge or information sufficient to form a belief as to the accuracy of the allegation in the third sentence of Paragraph 127, as Plaintiff has not indicated the date on which PIMCO's website contained the alleged quote.

128.    Defendants deny the allegations of Paragraph 128.

129.    The allegations of the first sentence of Paragraph 129 state legal conclusions to which no answer is required.  Defendants deny the remaining allegations in Paragraph 129.

**G.    The Independence And Conscientiousness Of The Trustees**

**1.    Role of Independent Trustees Under Legal and Regulatory Framework**

130.    The allegations of Paragraph 130 state legal conclusions to which no answer is required.

131.    The allegations of Paragraph 131 state legal conclusions to which no answer is required, though Defendants state that they are without knowledge or information sufficient to

**Ropes & Gray LLP**
Prudential Tower, 800 Boylston St.
Boston, MA  02199-3600
Phone:  617.951.7000
Fax:  617.951.7050

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

form a belief as to the truth of the allegations regarding Morningstar's purported recommendation. Defendants further state that the document referenced in Paragraph 131 is in writing and speaks for itself.

132.    The allegations of Paragraph 132 state legal arguments and conclusions to which no answer is required.  Defendants further state that the document referenced in Paragraph 132 is in writing and speaks for itself.

133.    The allegations of Paragraph 133 state legal conclusions to which no answer is required.  Defendants further state that the documents referenced in Paragraph 133 are in writing and speak for themselves.

134.    Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 134 and further assert that the allegations of Paragraph 134 state legal conclusions to which no answer is required.  Finally, Defendants state that the document referenced in Paragraph 134 is in writing and speaks for itself.

135.    Defendants deny the allegations of Paragraph 135.

## 2.    The Compensation Structure for the PIMCO Board Leads to Lack of Independence

136.    Defendants admit that at the time the Complaint was filed, the recent retirement of two independent trustees in 2014 meant that the Board consisted of five trustees (of which two were interested and three were independent).  Defendants further admit that the Board meets periodically throughout the year to discuss and consider matters concerning the Trust and to oversee the Trust's activities, including but not limited to, its investment performance, compliance program and risks associated with its activities.  Defendants deny the remaining allegations of Paragraph 136, and specifically deny that a trustee was "removed" from the Board.

137.    Defendants admit that as of August 15, 2014, each of the Fund's trustees oversaw between 167 and 175 funds in the Trust and other funds located within the Fund Complex. Defendants deny the remaining allegations of Paragraph 137.

**Ropes & Gray LLP**
Prudential Tower, 800 Boylston St.
Boston, MA  02199-3600
Phone:  617.951.7000
Fax:  617.951.7050

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

138.   Defendants admit that for their services to the Trust for the fiscal year ending March 31, 2014, each independent trustee received an annual retainer of $145,000, the audit committee chair received an additional annual retainer of $15,000, and each other committee chair received an additional annual retainer of $2,250.  Defendants further admit that for their services to the Trust for the fiscal year ending March 31, 2014, the trustees received $15,000 for each Board of Trustees meeting attended in person, $750 for each committee meeting attended ($2,000 in the case of the audit committee chair with respect to audit committee meetings), and $1,500 for each Board of Trustees meeting attended telephonically, plus reimbursement of related expenses.  Defendants deny the remaining allegations of Paragraph 138.

139.   Defendants state that the document referenced in Paragraph 139 is in writing and speaks for itself.

140.   Defendants admit that for their services to the Trust for the fiscal year ending March 31, 2014, the independent trustees for the funds in the Fund Complex received the following aggregate compensation from the Trust and total compensation from the Trust and the Fund Complex:

| Name and Position | Aggregate Compensation from Trust | Total Compensation from Trust and Fund Complex Paid to Trustees |
| --- | --- | --- |
| E. Philip Cannon, Trustee | $209,500 | $417,050 |
| J. Michael Hagan, Trustee | $203,250 | $306,050 |
| Ronald C. Parker, Trustee | $224,500 | $339,800 |
| Vern O. Curtis, retired (former Trustee) | $209,500 | $341,675 |
| William J. Popejoy, retired (former Trustee) | $211,750 | $322,300 |

Defendants deny the remaining allegations of Paragraph 140, including Plaintiff's reference to Messrs. Popejoy and Curtis as "interested" trustees.  Defendants state that the independent

Ropes & Gray LLP
Prudential Tower, 800 Boylston St.
Boston, MA  02199-3600
Phone:  617.951.7000
Fax:  617.951.7050

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

trustees each attended at least ten in-person meetings during the fiscal year ending March 31, 2014.

141.    Defendants deny the allegations of Paragraph 141.

**3.      The Composition of the PIMCO Board Leads to Lack of Independence and Conscientiousness**

**a.      PIMCO Board Lacks a Sufficient Number of Independent Trustees**

142.    Defendants deny the allegations of Paragraph 142.  Defendants further state that the document referenced in Paragraph 142 is in writing and speaks for itself.

143.    Defendants state that the documents referenced in Paragraph 143 are in writing and speak for themselves.  Defendants deny the allegations of Paragraph 143.

144.    Defendants deny the allegations of Paragraph 144.  Defendants further state that the documents referenced in Paragraph 144 are in writing and speak for themselves.

145.    Defendants admit that two independent trustees retired in 2014 and that the Trust's shareholders elected four new independent trustees at an April 2015 special shareholder meeting.  Defendants deny the remaining allegations of Paragraph 145.

**b.      Interested Trustees Control the PIMCO Board**

146.    Defendants deny the allegations of Paragraph 146.

147.    Defendants state that the document referenced in Paragraph 147 is in writing and speaks for itself.  Defendants deny the remaining allegations of Paragraph 147.

148.    Defendants deny the allegations of Paragraph 148.

149.    Defendants deny the allegations of Paragraph 149.  Defendants further state that the document referenced in Paragraph 149 is in writing and speaks for itself.

150.    Defendants state that the document referenced in Paragraph 150 is in writing and speaks for itself.

151.    Defendants admit that the Board meets periodically throughout the year to discuss and consider matters concerning the Trust and to oversee the Trust's activities, including its

**Ropes & Gray LLP**
Prudential Tower, 800 Boylston St.
Boston, MA  02199-3600
Phone:  617.951.7000
Fax:  617.951.7050

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
investment performance, compliance program and risks associated with its activities.
4
Defendants deny the remaining allegations of Paragraph 151 in the form and manner alleged.
5
6
### 4.   The Information Defendants Provide to the PIMCO Board is Inadequate
7
8
152.   Defendants deny the allegations of Paragraph 152.
9
10
153.   Defendants deny the allegations of Paragraph 153.
11
12
154.   Defendants deny the allegations of Paragraph 154.
13
14
155.   The allegations of Paragraph 155 state legal conclusions to which no answer is
15
required.  To the extent a response is required, Defendants deny the allegations of Paragraph 155.
16
17
## VI.   CLAIM I
## ICA § 36(B) BREACH OF FIDUCIARY DUTY
## (EXCESSIVE INVESTMENT ADVISORY AND SUPERVISORY/ADMINISTRATIVE
## FEES)
18
19
20
21
156.   Defendants deny the allegations of Paragraph 156.
22
23
157.   Defendants admit that Plaintiff purports to bring this claim against Defendant
24
25
Pacific Investment Management Company LLC.
26
27
158.   Defendants deny the allegations of Paragraph 158.
28
29
159.   Defendants deny the allegations of Paragraph 159.
30
31
160.   Defendants deny the allegations of Paragraph 160.
32
33
161.   Defendants deny the allegations of Paragraph 161.
34
35
162.   Defendants deny the allegations of Paragraph 162.
36
37
163.   Defendants deny the allegations of Paragraph 163.
38
39
164.   Defendants deny the allegations in Paragraph 164, except Defendants admit that
40
41
Plaintiff purports to bring this action for the purposes stated in Paragraph 164.
42
43
## VII.   CLAIM II
## ICA § 36(B) BREACH OF FIDUCIARY DUTY
## (EXCESSIVE RULE 12b-1 DISTRIBUTION FEES AND EXTRACTION OF
## ADDITIONAL COMPENSATION FOR ADVISORY SERVICES)
44
45
46
47
48
49
165.   Defendants deny the allegations of Paragraph 165.
50
51

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT
(CASE NO. CV 14-1987-RSM) – 26

**Ropes & Gray LLP**
Prudential Tower, 800 Boylston St.
Boston, MA  02199-3600
Phone:  617.951.7000
Fax:  617.951.7050

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

166.    Defendants admit that Plaintiff purports to bring this claim against Defendant PIMCO Investments LLC.

167.    Defendants deny the allegations of Paragraph 167.

168.    Defendants deny the allegations of Paragraph 168.

169.    Defendants deny the allegations of Paragraph 169.

170.    Defendants deny the allegations of Paragraph 170.

171.    Defendants deny the allegations in Paragraph 171, except Defendants admit that Plaintiff purports to bring this action for the purposes stated in Paragraph 171.

## VIII.   PRAYER FOR RELIEF

The allegations in Plaintiff's "Prayer for Relief" contain legal conclusions to which no response is required.   To the extent a response is required, Defendants deny all allegations contained in the unnumbered paragraphs of Plaintiff's "Prayer for Relief."

## JURY DEMAND

172.    Defendants admit that Plaintiff purports to demand a trial by jury on "all claims so triable."

## AFFIRMATIVE DEFENSES

Defendants assert the following Affirmative Defenses to the Complaint, reserving the right to timely raise such additional affirmative defenses as may be appropriate in light of the developments in this action:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Defendants.

## SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff purports to assert a claim on behalf of any share classes of the Fund other than Class A shares in which he holds, Plaintiff lacks standing to assert such a claim.

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT
(CASE NO. CV 14-1987-RSM) – 27

**Ropes & Gray LLP**
Prudential Tower, 800 Boylston St.
Boston, MA  02199-3600
Phone:  617.951.7000
Fax:  617.951.7050

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and the one-year "look-back" statutory limitation on damages included in Section 36(b) of the ICA.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff may not obtain rescission under Section 47(b) of the ICA, 15 U.S.C. § 80a-46(b), because rescission is not available as a remedy for purported violations of Section 36(b). Furthermore, Section 47(b) provides that a contract violative of the ICA is "unenforceable by either *party*" (emphasis supplied), and Plaintiff, as a nonparty to the Advisory Contract, Supervision and Administration Agreement, 12b-1 Plans, and distribution contract, has no standing to pursue a request for relief of rescission. Moreover, the Complaint contains none of the allegations that would be required under Fed. R. Civ. P. 23.1 and state law to assert a claim for rescission on behalf of the Fund. Consequently, Plaintiff's claim for rescission is barred.

### FIFTH AFFIRMATIVE DEFENSE

At the time Plaintiff first became a shareholder of the Fund, he was or should have been aware that an advisory fee, supervisory and administrative fee, and distribution and servicing fee equal to those now in effect had been approved by a majority of the Board of Trustees of the Fund. Plaintiff was thus fully informed of all material facts concerning his investment in the Fund and knowingly entered into the investment. Plaintiff, by virtue of his continued ownership of shares in the Fund, and consequent receipt of information concerning the performance, fee schedules and total expense ratios of the Fund over the course of time, has continued to be fully informed of all material facts pertaining to Defendants' receipt of compensation paid on behalf of the Fund for services provided to the Fund. On this basis, Plaintiff's claims are therefore barred, in whole or in part, by the doctrines of laches, waiver, estoppel, unclean hands, ratification, disclosure and/or consent.

### SIXTH AFFIRMATIVE DEFENSE

Defendants acted at all times and in all respects in good faith and with due care.

**Ropes & Gray LLP**
Prudential Tower, 800 Boylston St.
Boston, MA  02199-3600
Phone:  617.951.7000
Fax:  617.951.7050

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a jury trial.  *In re Evangelist*, 760 F.2d 27, 30–31 (1st Cir. 1985); *In re Gartenberg*, 636 F.2d 16, 18 (2d Cir. 1980); *Kamen v. Kemper Fin. Servs., Inc.*, 908 F.2d 1338, 1351 (7th Cir. 1990) (holding that plaintiff was not entitled to a jury trial because "the combination of a fiduciary duty with a restitutionary remedy in § 36(b) continues to put this statute on the equitable side of the constitutional line"), *rev'd on other grounds*, 500 U.S. 90, 95 n.3 (1991).

Dated:  this 23rd day of September, 2015.

By:  s/ Ronald L. Berenstain
    s/ David F. Taylor
    s/ Sean C. Knowles
    Ronald L. Berenstain, WSBA No. 7573
    David F. Taylor, WSBA No. 25689
    Sean C. Knowles, WSBA No. 39893
    **Perkins Coie LLP**
    1201 Third Avenue, Suite 4900
    Seattle, WA  98101-3099
    Telephone:  206.359.8000
    Facsimile:   206.359.9000
    Email:  rberenstain@perkinscoie.com
         dftaylor@perkinscoie.com
         sknowles@perkinscoie.com

Of Counsel

John D. Donovan (*Admitted Pro Hac Vice*)
Robert A. Skinner (*Admitted Pro Hac Vice*)
Amy D. Roy (*Admitted Pro Hac Vice*)
**Ropes & Gray**
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Telephone:  617-951-7000
Facsimile:  617-951-7050
Email: John.Donovan@ropesgray.com
       Robert.Skinner@ropesgray.com
       Amy.Roy@ropesgray.com

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT
(CASE NO. CV 14-1987-RSM) – 29

**Ropes & Gray LLP**
Prudential Tower, 800 Boylston St.
Boston, MA  02199-3600
Phone: 617.951.7000
Fax:  617.951.7050

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

John C. Ertman (*Admitted Pro Hac Vice*)
**Ropes & Gray**
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone:  212-596-9000
Facsimile:   212-596-9090
Email:  John.Ertman@ropesgray.com

Attorneys for Defendants Pacific Investment
Management Company LLC and PIMCO
Investments LLC

**Ropes & Gray LLP**
Prudential Tower, 800 Boylston St.
Boston, MA  02199-3600
Phone:  617.951.7000
Fax:  617.951.7050

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2

### CERTIFICATE OF SERVICE

3
4
5
6
7
8
9

I hereby certify that on September 23, 2015, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send notification of such filing to the

email addresses indicated on the Court's Electronic Mail Notice List.

10
11
12
13
14
15
16
17
18
19

DATED:  September 23, 2015.

By:  s/ Ronald L. Berenstain
Ronald L. Berenstain, WSBA No. 7573
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  206.359.8000
Facsimile:   206.359.9000
Email:  rberenstain@perkinscoie.com

20
21
22
23

Attorneys for Defendants Pacific Investment
Management Company LLC and PIMCO
Investments LLC

24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

**Ropes & Gray LLP**
Prudential Tower, 800 Boylston St.
Boston, MA  02199-3600
Phone:  617.951.7000
Fax:  617.951.7050

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000