The Honorable Ricardo S. Martinez

1

2

3

4

5

6

7              UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON AT SEATTLE
8

9  ROBERT KENNY,

10                          Plaintiff,          No. 2:14-cv-01987-RSM

11      v.                                      PLAINTIFF'S MOTION FOR
                                                JUDGMENT ON THE PLEADINGS
12  PACIFIC INVESTMENT MANAGEMENT
   COMPANY LLC, a Delaware limited liability    NOTED ON MOTION CALENDAR:
13  company; PIMCO INVESTMENTS LLC,             MAY 20, 2016

14                          Defendants.         ORAL ARGUMENT REQUESTED

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S MOTION FOR        **KELLER ROHRBACK L.L.P.**        **RICHARDSON PATRICK**
JUDGMENT ON THE                1201 Third Avenue, Suite 3200     **WESTBROOK & BRICKMAN LLC**
PLEADINGS                      Seattle, Washington 98101-3052    1017 Chuck Dawley Blvd.
(2:14-CV-01987-RSM)            TELEPHONE: (206) 623-1900         Mount Pleasant, South Carolina 29464
                               FACSIMILE: (206) 623-3384         TELEPHONE: (843) 727-6500
                                                                 FACSIMILE: (843) 881-6183

## TABLE OF CONTENTS

I.      INTRODUCTION ..................................................................................... 1

II.     BACKGROUND ....................................................................................... 1

III.    ARGUMENT ............................................................................................ 2

        A.      Legal Standard ............................................................................ 2

        B.      The Unambiguous Language of Section 36(b)(3) Does Not Limit
                Post-Filing Damages .................................................................... 3

        C.      Courts Overwhelmingly Agree the ICA Contains Only a
                Retrospective Limitation on Damages ......................................... 3

                1.      The Eighth Circuit Agrees with Plaintiff ........................ 4

                2.      District Courts Agree with Plaintiff ................................ 5

                        a.      *Hunt v. Invesco Funds Group, Inc.* ................... 5

                        b.      *Forsythe*, *Dumond*, and *Vaughn* ..................... 5

                        c.      *Mintz v. Baron* ................................................... 7

                        d.      *In re Federated Mut. Funds Excessive Fee Litig.* ......... 7

                        e.      *Kasilag v. Hartford Inv. Fin. Servs.* ................. 8

        D.      The Practical Realities of Litigation Support Including Damages
                Through the Time of Trial. ......................................................... 8

        E.      The Court Should Resolve This Issue at This Juncture .................... 10

IV.     CONCLUSION ......................................................................................... 12

PLAINTIFF'S MOTION FOR
JUDGMENT ON THE
PLEADINGS - i

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**RICHARDSON PATRICK
WESTBROOK & BRICKMAN LLC**
1017 Chuck Dawley Blvd.
Mount Pleasant, South Carolina 29464
TELEPHONE: (843) 727-6500
FACSIMILE: (843) 881-6183

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re American Mutual Funds Fee Litig.*,
  No. 04–5593, 2009 WL 5215755 (C. D. Cal. Dec. 28, 2009) ................................10

*Burks v. Lasker*,
  441 U.S. 471 (1979)................................................................................................2

*Burlington N. R.R. Co. v. Okla. Tax Comm'n*,
  481 U.S. 454 (1987)................................................................................................3

*Daily Income Fund v. Fox*,
  464 U.S. 523 (1984)............................................................................................1, 2

*Dumond v. Mass. Fin. Servs. Co.*,
  No. 04-11458, 2007 WL 602589 (D. Mass. Feb. 22, 2007) ............................4, 5

*Fed. Election Comm'n v. Wis. Right To Life, Inc.*,
  551 U.S. 449 (2007)..............................................................................................11

*In re Federated Mut. Funds Excessive Fee Litig.*,
  No. 2:04-352, 2011 WL 846068 (W.D. Pa. Mar. 8, 2011) ........................3, 5, 7, 8

*Forsythe v. Sun Life Fin., Inc.*,
  475 F. Supp. 2d 122 (D. Mass. 2007) ........................................................ *passim*

*In re Frank J. Evangelist, Jr.*,
  760 F.2d 27 (1st Cir. 1985)....................................................................................2

*Gallus v. American Express Fin. Corp.*,
  No. 04-4498 (D. Minn., May 30, 2006), Dkt. # 134 (attached as Appendix pp.
  27-45)....................................................................................................................10

*Gallus v. Ameriprise Fin., Inc.*,
  561 F.3d 816 (8th Cir. 2009), *vacated on other grounds by* 130 S. Ct. 2340
  (Apr. 5, 2010)..............................................................................................3, 4, 5, 6

*Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*,
  487 F. Supp. 999 (S.D.N.Y. 1980) ........................................................................2

*GE Capital Mortg. Servs., Inc. v. Pinnacle Mortg. Inv. Corp.*,
  897 F. Supp. 854 (E.D. Pa. 1995) ..........................................................................9

PLAINTIFF'S MOTION FOR
JUDGMENT ON THE
PLEADINGS
(2:14-CV-01987-RSM) - ii

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**RICHARDSON PATRICK
WESTBROOK & BRICKMAN LLC**
1017 Chuck Dawley Blvd.
Mount Pleasant, South Carolina 29464
TELEPHONE: (843) 727-6500
FACSIMILE: (843) 881-6183

*Glover v. McDonnell Douglas Corp.*,
   12 F.3d 845 (8th Cir. 1994) ............................................................................5

*Hunt v. Invesco Funds Group, Inc.*,
   No. 04 -02555, 2006 WL 1751900 (S.D. Tex. June 22, 2006) ....................4, 5, 10

*Kaiser Aluminum & Chem. Corp. v. Bonjorno*,
   494 U.S. 827 (1990) ........................................................................................3

*Kasilag v. Hartford Inv. Fin. Servs., LLC*,
   No. 11-1083, 2016 WL 1394347 (D.N.J. Apr. 7, 2016) ............................3, 5, 8

*Kenny v. Pacific Inv. Mgmt. Co.*,
   No. 2: 15-cv-02037-RSM ................................................................................1

*Krinsk v. Fund Asset Mgmt., Inc.*,
   715 F. Supp. 472 (S.D.N.Y. 1988) .................................................................10

*Marquardt v. Starcraft Marine*,
   876 F.2d 61 (8th Cir. 1989) ............................................................................9

*McAllister v. Sec'y of Health and Human Servs.*,
   70 F.3d 1240 (Fed. Cir. 1995) ........................................................................9

*Mintz v. Baron*,
   No. 05-4904, 2009 WL 735140 (S.D.N.Y. Mar. 20, 2009) ......................4, 5, 7

*Moses v. Burgin*,
   445 F.2d 369 (1st Cir. 1971) ...........................................................................2

*O'Connor v. Donaldson*,
   422 U.S. 563 (1975) ........................................................................................5

*In re Rent-Way Sec. Lit.*,
   218 F.R.D. 101 (W.D. Pa. 2003) .....................................................................9

*U.S. v. Bechter*,
   534 F.3d 820 (8th Cir. 2008) (relying on a portion of another vacated Eighth
   Circuit decision).............................................................................................5

*U.S. v. Teng Jiao Zhou*,
   815 F.3d 639 (9th Cir. 2016) ...........................................................................2

*Vaughn v. Putnam Inv. Mgmt., LLC*,
   No. 04 cv-10988, 2007 WL 602596 (D. Mass. Feb. 22, 2007) .....................4, 5

PLAINTIFF'S MOTION FOR
JUDGMENT ON THE
PLEADINGS
(2:14-CV-01987-RSM) - iii

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**RICHARDSON PATRICK
WESTBROOK & BRICKMAN LLC**
1017 Chuck Dawley Blvd.
Mount Pleasant, South Carolina 29464
TELEPHONE: (843) 727-6500
FACSIMILE: (843) 881-6183

*William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co., Inc.*,
    668 F.2d 1014 (9th Cir. 1981) ................................................................................8

**Statutes**

15 U.S.C. § 80a-15(a)(2) ........................................................................................4

15 U.S.C. § 80a-15(b)(1) ........................................................................................4

15 U.S.C. § 80a-35(b) ............................................................................................1

15 U.S.C. § 80a-35(b)(3) ................................................................................ *passim*

ICA ..........................................................................................................................3

ICA Section 36(b) ........................................................................................... *passim*

Investment Company Act of 1940, 15 U.S.C. § 80a-l et seq. ..........................1, 4, 5

**Rules**

Fed. R. Civ. P. 12(c) ........................................................................................1, 12

Fed. R. Civ. P. 12(f)(1) ..........................................................................................12

**Regulations**

S.R. Rep. No. 91-184 (1969), *reprinted in* 1970 U.S.C.C.A.N. 4897, 1969 WL
    4981 ....................................................................................................................2

**Legislative Materials**

1970 U.S.C.C.A.N. ..............................................................................................2, 6

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**RICHARDSON PATRICK
WESTBROOK & BRICKMAN LLC**
1017 Chuck Dawley Blvd.
Mount Pleasant, South Carolina 29464
TELEPHONE: (843) 727-6500
FACSIMILE: (843) 881-6183

## I.    INTRODUCTION

Pursuant to Fed. R. Civ. P. 12(c), Plaintiff moves for judgment on the pleadings on a pure question of law raised in Defendants' Third Affirmative Defense: Are "Plaintiff's claims barred in whole or in part by the applicable statute of limitations and the one-year 'look-back' statutory limitation on damages included in Section 36(b) of the ICA"? Defendants' Answer and Affirmative Defenses to Complaint (Dkt. # 48 at p. 28). Several courts, including the Eighth Circuit, have answered the question with a resounding "No," recognizing that the plain language of Section 36(b)(3) limits only the *pre-filing* damages period to one year but does not impose any limitation on *post-filing* damages. This Court should follow the clear statutory language and allow Plaintiff to recover damages from December 31, 2013 (one year prior to the filing of the original complaint on December 31, 2014) continuing through the date of trial.

Resolution of this issue now will avoid burdening the Court with serial Anniversary Complaints and repetitive motions to dismiss. The Court is already facing this issue. In response to Defendants Third Affirmative Defense, Plaintiff was forced to file an Anniversary Complaint which is now pending a motion to dismiss that rehashes the same arguments previously presented to the Court. *See Kenny v. Pacific Inv. Mgmt. Co.*, No. 2: 15-cv-02037-RSM ("Kenny II") (Dkt. No. 17). Resolution of this ripe issue now will create substantial efficiencies.

## II.    BACKGROUND

Plaintiff alleges that Defendants have violated the Investment Company Act of 1940, 15 U.S.C. § 80a-l et seq. (the "ICA"), by breaching the fiduciary duties they owe to the shareholders of the PIMCO Total Return Fund with respect to the receipt of compensation by charging and accepting excessive investment management fees and 12b-1 fees. Section 36(b) of the ICA serves a "broad remedial purpose" to curb prevalent abuses by mutual fund advisers. *See Daily Income Fund v. Fox*, 464 U.S. 523, 541 (1984). In enacting Section 36(b), Congress recognized that the relationship between an investment adviser (such as PIMCO) and the mutual funds it manages is "fraught with potential conflicts of interest," *id*. at 536, and the "forces of arm's-

PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS - 1

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**RICHARDSON PATRICK WESTBROOK & BRICKMAN LLC**
1017 Chuck Dawley Blvd.
Mount Pleasant, South Carolina 29464
TELEPHONE: (843) 727-6500
FACSIMILE: (843) 881-6183

length bargaining do not work in the mutual fund industry in the same manner as they do in other sectors of the American economy," S.R. Rep. No. 91-184 (1969), *reprinted in* 1970 U.S.C.C.A.N. 4897, 4901, 1969 WL 4981. A check on investment advisers was needed because "self-dealing is not the exception but, so far as management is concerned, the order of the day." *Moses v. Burgin*, 445 F.2d 369, 376 (1st Cir. 1971).

Although a fund's unaffiliated directors are to act as "independent watchdogs" over the adviser, *Burks v. Lasker*, 441 U.S. 471, 484 (1979), Congress acknowledged that it was unrealistic to rely "solely on the fund's directors to assure reasonable adviser fees." *Daily Income*, 464 U.S. at 540. Section 36(b) was enacted to provide shareholders with an effective means to redress breaches of fiduciary duty where self-dealing by a fund's investment adviser has resulted in unfair and excessive fees. 1970 U.S.C.C.A.N. at 4898.

Actions under Section 36(b) are to be administered in accordance with equitable standards. *See, e.g.*, *In re Frank J. Evangelist, Jr.*, 760 F.2d 27, 30 (1st Cir. 1985); *Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*, 487 F. Supp. 999, 1006 (S.D.N.Y. 1980). Plaintiff seeks to redress ongoing breaches of fiduciary duty. To redress these ongoing breaches of fiduciary duty under Section 36(b) Plaintiff should be entitled to recover the excessive fees levied on Fund assets after the filing of the Complaint, continuing through the date of trial.

## III.   ARGUMENT

This motion raises a purely legal issue: does Section 36(b) of the ICA permit damages to be calculated from the one year prior to the filing of the complaint through to the date of trial? As explained below, the answer is resoundingly "yes."

### A.   Legal Standard

A motion for judgment on the pleadings should be granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law. *U.S. v. Teng Jiao Zhou*, 815 F.3d 639, 642 (9th Cir. 2016).

PLAINTIFF'S MOTION FOR
JUDGMENT ON THE
PLEADINGS
(2:14-CV-01987-RSM) - 2

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

RICHARDSON PATRICK
WESTBROOK & BRICKMAN LLC
1017 Chuck Dawley Blvd.
Mount Pleasant, South Carolina 29464
TELEPHONE: (843) 727-6500
FACSIMILE: (843) 881-6183

**B.    The Unambiguous Language of Section 36(b)(3) Does Not Limit Post-Filing Damages**

"In civil actions generally, absent some express limitation, proof of damages is not restricted to the time before the filing of the complaint, and damages caused by a defendant's liability-producing conduct ordinarily may be proved through the time of trial and judgment." *Forsythe v. Sun Life Fin., Inc.*, 475 F. Supp. 2d 122, 124-25 (D. Mass. 2007). There is no support for Defendants' affirmative defense that the ICA limits damage to a one year period.

It is well-established that the "starting point for interpretation of a statute 'is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive.'" *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835 (1990) (quoting *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980)). "Unless exceptional circumstances dictate otherwise, '[w]hen we find the terms of a statute unambiguous, judicial inquiry is complete.'" *Burlington N. R.R. Co. v. Okla. Tax Comm'n*, 481 U.S. 454, 461 (1987) (quotation omitted).

The plain language of Section 36(b)(3) only limits when damages may *begin* to accrue. As to damages, Section 36(b)(3) states only that "No award of damages shall be recoverable for any period *prior to one year before the action was instituted*." 15 U.S.C. § 80a-35(b)(3) (emphasis added). The only statutory limitation on damages is one year *prior* to filing. The statute's plain language entitles Plaintiff to recover damages starting on December 31, 2013 and continuing through the date of trial.

**C.    Courts Overwhelmingly Agree the ICA Contains Only a Retrospective Limitation on Damages**

Every court that has squarely addressed this issue has held that "a straightforward reading of the damage limitation [in Section 36(b)(3)] yields only a retrospective limitation." *Gallus v. Ameriprise Fin., Inc.*, 561 F.3d 816, 825 (8th Cir. 2009), *vacated on other grounds by* 130 S. Ct. 2340 (Apr. 5, 2010). *See also Kasilag v. Hartford Inv. Fin. Servs., LLC*, No. 11-1083, 2016 WL 1394347, at *15 (D.N.J. Apr. 7, 2016); *In re Federated Mut. Funds Excessive Fee Litig.*, No.

PLAINTIFF'S MOTION FOR
JUDGMENT ON THE
PLEADINGS
(2:14-CV-01987-RSM) - 3

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**RICHARDSON PATRICK
WESTBROOK & BRICKMAN LLC**
1017 Chuck Dawley Blvd.
Mount Pleasant, South Carolina 29464
TELEPHONE: (843) 727-6500
FACSIMILE: (843) 881-6183

2:04-352, 2011 WL 846068 at *3 (W.D. Pa. Mar. 8, 2011); *Mintz v. Baron*, No. 05-4904, 2009 WL 735140, at *4 (S.D.N.Y. Mar. 20, 2009); *Forsythe*, 475 F. Supp. 2d at 124; *Dumond v. Mass. Fin. Servs. Co.*, No. 04-11458, 2007 WL 602589, at *1 (D. Mass. Feb. 22, 2007); *Vaughn v. Putnam Inv. Mgmt., LLC*, No. 04 cv-10988, 2007 WL 602596, at *1 (D. Mass. Feb. 22, 2007); *Hunt v. Invesco Funds Group, Inc.*, No. 04 -02555, 2006 WL 1751900, at *1 (S.D. Tex. June 22, 2006). There is no reason for the Court here to deviate from these well-reasoned decisions.

### 1.     The Eighth Circuit Agrees with Plaintiff

In *Gallus*, the Eighth Circuit squarely addressed "the question whether the statutory damage period ends with the filing of a § 36(b) lawsuit or continues throughout the litigation." 561 F.3d at 824-5. The court rejected any such a limitation. *Id.* at 825. Defendant Ameriprise[1] argued that Section 36(b)(3) created two temporal restrictions on damages: (1) a plaintiff may not recover damages suffered more than one year before the lawsuit was filed; and (2) the filing date provided an ending point so that damages suffered *after* a plaintiff filed suit was unrecoverable. *Id.* Ameriprise claimed that its reading was consistent with the structure of the ICA because pursuant to 15 U.S.C. § § 80a-15(a)(2) and (b)(1), investment advisory contracts must be approved annually. *Id.* While the district court in *Gallus* adopted Ameriprise's view, the Eighth Circuit reversed, finding that "[t]he plain language of the statute . . . does not support this interpretation." 561 F.3d at 825. The court concluded that "a straightforward reading of the damage limitation yields only a retrospective limitation." *Id.* (citing *Dumond*, 2007 WL 602589). The court noted that the existence of contract renewals was not dispositive: "where the plaintiffs have continued to suffer damage during the litigation, both the language of the statute and the interests of judicial economy suggest that redress should be available in a single action." *Id.* The

---

[1] Counsel for PIMCO served as counsel for Ameriprise in *Gallus*.

PLAINTIFF'S MOTION FOR
JUDGMENT ON THE
PLEADINGS
(2:14-CV-01987-RSM) - 4

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**RICHARDSON PATRICK
WESTBROOK & BRICKMAN LLC**
1017 Chuck Dawley Blvd.
Mount Pleasant, South Carolina 29464
TELEPHONE: (843) 727-6500
FACSIMILE: (843) 881-6183

court rightly concluded that if Congress intended to limit damages to a single contract year, it could have, but did not, draft the statute to limit damages to just "one year's contract." *Id.*[2]

### 2.   District Courts Agree with Plaintiff

In addition to the Eighth Circuit, five other courts have squarely considered this issue and held that the ICA does not limit damages for the time period *following* the filing of an action.[3] *See Hunt*, 2006 WL 1751900, at *1; *Forsythe*, 475 F. Supp. 2d at 124; *Dumond*, 2007 WL 602589, at *1; *Vaughn*, 2007 WL 602596, at *1; *Mintz*, 2009 WL 735140, at *4; *Federated*, 2011 WL 846068, at *2-3; *Kasilag*, 2016 WL 1394347, at *15.

#### a.   *Hunt v. Invesco Funds Group, Inc.*

In *Hunt*, the court issued an order specifically clarifying its position on the appropriate damages period in a Section 36(b) case. In vacating prior statements it had made regarding the damages period, the court stated: "the Court recognizes that the language of the ICA, that '[n]o award of damages shall be recoverable for any period *prior* to one year before the action was instituted,' [ ] does not limit damages for the period of time *following* the filing of the action." 2006 WL 1751900, at *1 (emphasis in original).

#### b.   *Forsythe*, *Dumond*, and *Vaughn*

Likewise, in the *Forsythe/Dumond/Vaughn* trio of cases, the court concluded that the only temporal limitation on damages that the statute imposes is "that damages may not be

---

[2] Although a vacated decision is not binding precedent, *see, e.g.*, *O'Connor v. Donaldson*, 422 U.S. 563, 577 (1975), the Eighth Circuit has held that where a case is vacated on one ground, the discussion concerning remaining grounds "is nonetheless persuasive." *U.S. v. Bechter*, 534 F.3d 820, 824 n.3 (8th Cir. 2008) (relying on a portion of another vacated Eighth Circuit decision); *see also Glover v. McDonnell Douglas Corp.*, 12 F.3d 845, 848 n.3 (8th Cir. 1994) ("[t]hough it has been vacated and therefore lacks precedential value in future cases, the parties and the district court are invited to rely on our prior opinion as it relates to these issues ... for purposes of resolving matters on remand."). The Eighth Circuit's ruling in *Gallus* on the damages period should be particularly persuasive here as the ruling concerned a pure issue of law and did not rest on any particular facts in that case.

[3] While seven cases are cited here, three of the decisions—*Forsythe*, *Dumond*, and *Vaughn*— were all issued by Judge George O'Toole of the District of Massachusetts. As the analysis in all three decisions is identical, Plaintiffs will primarily cite to *Forsythe* because it is published in the Federal Supplement. The Eighth Circuit in *Gallus* chose to cite to *Dumond*. However, citations to any of the three opinions should be read to incorporate citations to all three.

PLAINTIFF'S MOTION FOR
JUDGMENT ON THE
PLEADINGS
(2:14-CV-01987-RSM) - 5

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

RICHARDSON PATRICK
WESTBROOK & BRICKMAN LLC
1017 Chuck Dawley Blvd.
Mount Pleasant, South Carolina 29464
TELEPHONE: (843) 727-6500
FACSIMILE: (843) 881-6183

awarded for 'any period' … that is 'prior to one year before the action was instituted.'" *Forsythe*, 475 F. Supp. 2d at 124. In analyzing and rejecting whether Section 36(b)(3) contains an implied forward-looking limitation, the court issued what the Eighth Circuit characterized as "a thorough and carefully reasoned opinion." *Gallus*, 561 F.2d at 825 (citing *Dumond*, 2007 WL 602589).

As the court pointed out, there are two possible ways a "forward-looking" limitation might be imposed. First, a statute might expressly impose a forward-looking limitation. *Forsythe*, 475 F. Supp. 2d at 124. However, given the careful choice of language and the express limitations on damages Congress explicitly set forth within Section 36(b) for the recoverable damages period *prior* to the institution of an action, Congress could not have intended to preclude plaintiffs from recovering damages *after* the filing of a complaint. Section 36(b)'s legislative history strongly suggests that, in adopting Section 36(b), Congress did not intend to restrict plaintiffs from recovering actual damages resulting from a continuing breach of fiduciary duty. As the Senate Report accompanying the final proposal of Section 36(b) indicates, Congress only intended that damages "*are not recoverable for any period prior to 1 year before the action was instituted*. 1970 U.S.C.C.A.N. at 4911 (emphasis added). This comports with the version of Section 36(b) that Congress ultimately adopted. Although Congress favored a damages period that could reach back only one year prior to the institution of the action, it decided to place no such limitation on damages going forward. Because the plain language of the statute only includes a backward-looking damages limitation, the court held, "there is no reason to stray into speculation about whether that limitation dovetails optimally with other statutory provisions or satisfactorily fulfills a discerned congressional purpose." *Forsythe*, 475 F. Supp. 2d at 125.

Second, the court rejected adopting a forward-looking limitation based on either a commonly accepted understanding of the terms used or the relevant statutory context. *Id*. at 124. The court correctly observed that "In civil actions generally, absent some express limitation, proof of damages is not restricted to the time before the filing of the complaint, and damages

PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS (2:14-CV-01987-RSM) - 6

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**RICHARDSON PATRICK WESTBROOK & BRICKMAN LLC**
1017 Chuck Dawley Blvd.
Mount Pleasant, South Carolina 29464
TELEPHONE: (843) 727-6500
FACSIMILE: (843) 881-6183

caused by a defendant's liability-producing conduct ordinarily may be proved through the time of trial and judgment." *Forsythe*, 475 F. Supp. 2d at 124-25. Thus, had Congress wished to alter the presumption that damages may be proved through the time of trial, "it would have to apply some force of words to do so" and its "[s]ilence on the question is fairly taken as intending no movement from the normal case." *Id.*  The court noted that due to a variety of changes that might take place from year to year, "a defendant might be found to have violated a fiduciary duty in one year but not the next. . . . The limited point decided here is that the statute does not foreclose proof of such post-commencement damages." *Id.*

### c.    *Mintz v. Baron*

In *Mintz*, the court also adopted the "well-reasoned and thorough analysis of the question in *Forsythe*" in its decision. 2009 WL 735140, at *4. The court substantially relied on the reasoning in *Forsythe* to hold that if the plaintiffs in *Mintz* chose to replead their case, they would be allowed to "seek damages for the period beginning on May 23, 2004—the date one year prior to the filing of the original complaint—including damages for fees paid *after* the filing of the complaint." *Id.* (emphasis added).

### d.    *In re Federated Mut. Funds Excessive Fee Litig.*

Likewise, in *Federated*, the court denied the investment advisor's motion for partial summary judgment on this issue, referencing the "well-reasoned opinion" of the court in *Forsythe*. 2011 WL 846068, at *2. "[N]othing in the statute expressly precludes the recovery of post-filing damages." *Id.*  The court concluded that "[t]he plain meaning of § 36(b)(3) as read in its 'ordinary and natural sense' indicates that the sole temporal limitation imposed is only on those damages that were incurred *prior to the filing of suit*." *Id.* (emphasis in original) (citation omitted). Seciton 36(b)(3)'s language "is not 'reasonably susceptible of different interpretations,' and therefore is not ambiguous." *Id.* (citation omitted). The court went on to hold that "the statute's silence as to post-filing damages cannot be read to preclude their recovery. While the

PLAINTIFF'S MOTION FOR
JUDGMENT ON THE
PLEADINGS
(2:14-CV-01987-RSM) - 7

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

RICHARDSON PATRICK
WESTBROOK & BRICKMAN LLC
1017 Chuck Dawley Blvd.
Mount Pleasant, South Carolina 29464
TELEPHONE: (843) 727-6500
FACSIMILE: (843) 881-6183

text of § 36(b)(3) unequivocally bars the recovery of any damages incurred prior to the one-year pre-filing window, the text does not explicitly or implicitly preclude the recovery of damages incurred after the filing of suit.  Further, it would be improper to "'read absent words' into § 36(b)(3)." *Id.* (citation omitted).

### e.   *Kasilag v. Hartford Inv. Fin. Servs.*

In this decision issued just a few weeks ago, the court in *Kasilag* also held that there is no limitation on post-filing damages in a Section 36(b) case. 2016 WL 1394347, at *20. The court adopted the rationale of the *Federated* court, agreeing that "the provision in § 36(b)(3) is clearly a limitation only on how far back damages can go prior to filing." *Id.* Further, the court pointed out that under any other interpretation, "the continuous ownership obligation throughout the litigation becomes a bizarre requirement if the damages period ends at the time of filing." *Id.* The court therefore ruled that "[i]n light of the plain language of the statute … Plaintiffs' damages, should Plaintiffs establish liability, will not be limited to the one-year period prior to filing, but can flow past filing." *Id.* at 21.

This Court should follow the rationale of the Eighth Circuit as well as the five other courts that have squarely ruled on this issue.

**D.    The Practical Realities of Litigation Support Including Damages Through the Time of Trial.**

The continuing damages approach simply makes sense. First, "if the original pleading gave defendant notice that the conduct, transaction, or occurrence is of a continuing nature, he should be prepared to defend against all claims arising out of it, whether they arose before or after the original complaint was filed." *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co., Inc.*, 668 F.2d 1014, 1057 n. 72 (9th Cir. 1981), citing Wright & A. Miller, 6A Fed. Prac. & Proc. Civ. § 1508 (3d ed.), cert. denied, 459 U.S. 825, 103 S. Ct. 57 (1982) and 459 U.S. 825, 103 S. Ct. 58 (1982)). Plaintiff's Complaint in this action expressly provided Defendants with such notice. *See* Plaintiff's Complaint (Dkt. # 1 at p. 58) (Plaintiff requested an order

PLAINTIFF'S MOTION FOR
JUDGMENT ON THE
PLEADINGS
(2:14-CV-01987-RSM) - 8

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**RICHARDSON PATRICK
WESTBROOK & BRICKMAN LLC**
1017 Chuck Dawley Blvd.
Mount Pleasant, South Carolina 29464
TELEPHONE: (843) 727-6500
FACSIMILE: (843) 881-6183

"[d]eclaring that Defendants have violated and *continue to violate* § 36(b) of the ICA and Rule 12b-l" and an order "[a]warding damages…against Defendants including all investment advisory, supervisory and administrative, distribution and servicing fees paid to them by Plaintiff and the Fund for all periods not precluded by any applicable statutes of limitation *through the trial of this case*…") (emphasis added).

Second, when a continuing wrong is alleged, as is the case here, damages correspondingly continue to run after the filing of the complaint continuing through the time of trial. *See, e.g., McAllister v. Sec'y of Health and Human Servs.*, 70 F.3d 1240, 1243 (Fed. Cir. 1995) ("[r]ecovery for past damages ordinarily includes not only those damages that the plaintiff incurred before filing the complaint, but also any damages that the plaintiff incurs up to the time of trial."); *see also Marquardt v. Starcraft Marine*, 876 F.2d 61, 62 (8th Cir. 1989) (affirming jury award "for general damages to the date of trial"). This result is logical given that the injured plaintiffs do not suffer merely one calendar year of damages, and it is entirely consistent with the long-standing principle that damages are to be determined at trial, not the date a lawsuit is filed. *See, e.g., Forsythe*, 475 F. Supp. 2d at 124-5 ("In civil actions generally, absent some express limitation, proof of damages is not restricted to the time before the filing of the complaint, and damages caused by a defendant's liability-producing conduct ordinarily may be proved through the time of trial and judgment."); *In re Rent-Way Sec. Lit.*, 218 F.R.D. 101, 119 (W.D. Pa. 2003) (aggregated damages are to be determined "at time of trial"); *GE Capital Mortg. Servs., Inc. v. Pinnacle Mortg. Inv. Corp.*, 897 F. Supp. 854, 872 (E.D. Pa. 1995) ("The exact measure of GE Capital's damages will be calculated at the time of trial.").

The damages period for a given Section 36(b) case is actually governed by the date plaintiffs file their complaint: unless a complaint is filed on the exact day a contract expires, every Section 36(b) claim necessarily involves damages relating to compensation paid pursuant to at least two separate advisory contracts. For example, in this case, the advisory contracts are

PLAINTIFF'S MOTION FOR
JUDGMENT ON THE
PLEADINGS
(2:14-CV-01987-RSM) - 9

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

RICHARDSON PATRICK
WESTBROOK & BRICKMAN LLC
1017 Chuck Dawley Blvd.
Mount Pleasant, South Carolina 29464
TELEPHONE: (843) 727-6500
FACSIMILE: (843) 881-6183

renewed and continued until August 31st of each year. *See e.g.*, PIMCO Total Return Fund

Semiannual Report, September 30, 2014, at p. 88, Ex. 1 to Declaration of Tana Lin in support of

Plaintiff's Motion for Judgment on the Pleadings ("Lin Decl."). As Plaintiff filed his original

complaint on December 31, 2014, the damages period would capture, at a minimum (using

Defendants' one year scenario for the sake of argument only), the last four months of the

preceding contract and all but four months of the contract in effect at the time that the lawsuit

was filed. The only way to avoid involving at least two contractual periods would be to require a

plaintiff to file a complaint on the date a particular contract expires, which Congress clearly did

not require.

Finally, discovery and the submission of evidence at trial in Section 36(b) cases relating

to the period of time following the filing of a complaint are routinely allowed. *See* Stipulation

and Order Regarding Damages Under Section 36(b) of the Investment Company Act of 1940,  *In*

*re American Mutual Funds Fee Litig.*, No. 04–5593, 2009 WL 5215755, at *7-13 (C. D. Cal.

Dec. 28, 2009); *Forsythe*, 475 F. Supp. 2d at 125; *Hunt*, 2006 WL 1751900, at *1; Order, *Gallus*

*v. American Express Fin. Corp.,* No. 04-4498 (D. Minn., May 30, 2006) (Dkt. # 134 at p. 15)

(attached as Ex. 2 to Lin Decl.); *Krinsk v. Fund Asset Mgmt., Inc.*, 715 F. Supp. 472, 475-6

(S.D.N.Y. 1988). In the case at hand, Defendants have agreed to produce certain categories of

documents as well as ESI through December 31, 2015, and Fund board materials through August

31, 2016.[4] All of these practical realities eliminate any argument that the damages period should

be limited to the same year of the advisory contract or even a single year.

**E.     The Court Should Resolve This Issue at This Juncture**

Defendants may argue that Plaintiff's filing of his anniversary complaint has mooted the

question of the damages period. This is incorrect. Defendants' Third Affirmative Defense

remains on the record and effectively requires Plaintiff to file a new complaint on the

---

[4] *See* March 15, 2016 and April 27, 2016 letters from Robert A. Skinner to James C. Bradley, Exs. 3 and 4 to Lin Decl.

PLAINTIFF'S MOTION FOR
JUDGMENT ON THE
PLEADINGS
(2:14-CV-01987-RSM) - 10

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**RICHARDSON PATRICK
WESTBROOK & BRICKMAN LLC**
1017 Chuck Dawley Blvd.
Mount Pleasant, South Carolina 29464
TELEPHONE: (843) 727-6500
FACSIMILE: (843) 881-6183

anniversary of his lawsuit for the life of the case to avoid any claim the damages period does not extend from the date of filing through to trial. Each "anniversary complaint" is nearly identical except for the addition of the actual dollar amount of the fees charged, along with whatever new factual support has been publicly revealed. *Compare* Plaintiff's Complaint (Dkt. # 1) *with* Plaintiff's Anniversary Complaint, Case No. 2:15-cv-02037 (Dkt. # 1). Plaintiff will continue to file anniversary complaints each year for the pendency of this case, in order to preserve his damage claims on an on-going basis.

Filing a new action with a new damages period every year however, generates inefficiencies and wastes judicial resources, as evidenced by the fact that the Court has to address Defendants' motion to dismiss the Anniversary Complaint, which largely regurgitates the arguments in their motion to dismiss this action. Further, deeming Defendant's Third Affirmative Defense meritorious will result in the unnecessary filing of identical lawsuits each year alleging ongoing violations of Section 36(b), the concomitant new motions to dismiss each year, and ultimately result in multiple cases either consolidated for trial or separately tried—in either case, an extremely inefficient process. This could not be the result that Congress intended.

Where a legal wrong is capable of repetition, yet evading review, a court has the power to adjudicate the issue even if it might otherwise be considered moot. *Fed. Election Comm'n v. Wis. Right To Life, Inc.*, 551 U.S. 449, 462 (2007). This exception to "mootness" applies to situations where (1) the challenged action is of too short a duration to be fully litigated before it comes to an end, and (2) there is a reasonable expectation that the complaining party will be subject to the same action again. *Id.* at 462. A "reasonable expectation" requires a demonstrable probability that the same controversy, involving the same complaining party, will recur. *Id.*

In this case, Defendants have not yet answered Plaintiff's Anniversary Complaint because they have filed a motion to dismiss that raises the same arguments they raised in their motion to dismiss the original complaint. When they do answer, Defendants will presumably

PLAINTIFF'S MOTION FOR
JUDGMENT ON THE
PLEADINGS
(2:14-CV-01987-RSM) - 11

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**RICHARDSON PATRICK
WESTBROOK & BRICKMAN LLC**
1017 Chuck Dawley Blvd.
Mount Pleasant, South Carolina 29464
TELEPHONE: (843) 727-6500
FACSIMILE: (843) 881-6183

raise the same affirmative defense, and Plaintiff will be ensconced in the exact same damages

period controversy once again. Further, until this case is tried, Plaintiff will face the same

conundrum each year of whether he needs to file another anniversary complaint. Accordingly,

the Court should rule on this motion. As an alternative, the Court could, of its own accord, strike

Defendants' Third Affirmative Defense pursuant to Fed. R. Civ. P. 12(f)(1).

## IV.    CONCLUSION

As both the plain language of the statute and the case law support Plaintiff's position that

there is no forward-looking limitation on damages for Section 36(b) claims, Plaintiff requests

that the Court grant Plaintiff's Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P.

12(c). Alternatively, Plaintiff requests that the Court strike Defendants' Third Affirmative

Defense pursuant to Fed. R. Civ. P. 12(f)(1).


DATED this 5th day of May, 2016.

KELLER ROHRBACK L.L.P.

By: s/ Michael D. Woerner
By: s/ Tana Lin
By: s/ Laura R. Gerber
By: s/ Ian Mensher

Michael D. Woerner, WSBA #15452
Tana Lin, WSBA #35271
Laura R. Gerber, WSBA #34981
Ian Mensher, WSBA #39593
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900
Fax: (206) 623-3384
Email: mwoerner@kellerrohrback.com
       tlin@kellerrohrback.com
       lgerber@kellerrohrback.com
       imensher@kellerrohrback.com

PLAINTIFF'S MOTION FOR
JUDGMENT ON THE
PLEADINGS
(2:14-CV-01987-RSM) - 12

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

RICHARDSON PATRICK
WESTBROOK & BRICKMAN LLC
1017 Chuck Dawley Blvd.
Mount Pleasant, South Carolina 29464
TELEPHONE: (843) 727-6500
FACSIMILE: (843) 881-6183

James C. Bradley (Admitted *pro hac vice*)
jbradley@rpwb.com
Nina Fields Britt (Admitted *pro hac vice*)
nfields@rpwb.com
Richardson, Patrick, Westbrook &
Brickman, LLC
1017 Chuck Dawley Blvd.
Post Office Box 1007
Mount Pleasant, SC  29465
Tel: (843) 727-6500
Fax: (843) 881-6183

Michael Brickman (Admitted *pro hac vice*)
mbrickman@rpwb.com
Richardson, Patrick, Westbrook &
Brickman, LLC
174 East Bay Street
P.O. Box 879
Charleston, SC  29401
Tel: (843) 727-6520
Fax: (843) 727-3103

***Attorneys for Plaintiff Robert Kenny***

RICHARDSON PATRICK
WESTBROOK & BRICKMAN LLC
1017 Chuck Dawley Blvd.
Mount Pleasant, South Carolina 29464
TELEPHONE: (843) 727-6500
FACSIMILE: (843) 881-6183

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses registered, as denoted below.

Amy D Roy      Amy.Roy@ropesgray.com

David F Taylor      DFTaylor@perkinscoie.com, docketsea@perkinscoie.com, jstarr@perkinscoie.com

Ian J. Mensher      imensher@kellerrohrback.com

James C Bradley      jbradley@rpwb.com, ldominick@rpwb.com

John C Ertman      John.Ertman@ropesgray.com

John D Donovan , Jr      John.Donovan@ropesgray.com

Laura R Gerber      lgerber@kellerrohrback.com, sdouglas@kellerrohrback.com

Michael Woerner      mwoerner@KellerRohrback.com, dwilcher@kellerrohrback.com

Michael J Brickman      mbrickman@rpwb.com

Nina Fields Britt      nfields@rpwb.com, lhambleton@rpwb.com

Robert A Skinner      rskinner@ropesgray.com

Ronald L Berenstain      rberenstain@perkinscoie.com, docketsea@perkinscoie.com, jstarr@perkinscoie.com

Sean C Knowles      sknowles@perkinscoie.com, docketsea@perkinscoie.com, tbrandon@perkinscoie.com

Tana Lin      tlin@kellerrohrback.com, chopkins@kellerrohrback.com, ldouglas@kellerrohrback.com

s/ Tana Lin
Tana Lin, WSBA #35271

PLAINTIFF'S MOTION FOR
JUDGMENT ON THE
PLEADINGS - 1

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**RICHARDSON PATRICK
WESTBROOK & BRICKMAN LLC**
1017 Chuck Dawley Blvd.
Mount Pleasant, South Carolina 29464
TELEPHONE: (843) 727-6500
FACSIMILE: (843) 881-6183