UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT KENNY , <br><br> Plaintiff, <br><br> v. <br><br> PACIFIC INVESTMENT MANAGEMENT COMPANY LLC, a Delaware limited liability company; PIMCO INVESTMENTS LLC, <br><br> Defendants. | Case No. C14-1987 RSM <br><br> ORDER GRANTING MOTION TO SEAL |

This matter comes before the Court on Plaintiff Robert Kenny's Motion to Seal. Dkt. #64. The Motion was noted for consideration on June 10, 2016. No Response brief was filed by Defendants. Plaintiff's Motion to Seal states:

> Pursuant to Local Rule 5(g), Plaintiff files this Motion to Seal and respectfully requests the Court provisionally seal six of the fifteen exhibits accompanying the Declaration of Tana Lin in support of Plaintiff's contemporaneously-filed Motion to Compel PIMCO Defendants to Produce Documents, as well as an unredacted copy of the Motion to Compel itself that recites portions of these exhibits. Defendants and non-party William Popejoy have respectively produced and designated these documents as confidential pursuant to the Stipulated Protective Order (Dkt. No. 55). Plaintiff takes no position as to whether these documents should be kept under seal but provisionally files them under seal. It falls to Defendants and Mr. Popejoy to justify any continued sealing.
>
> …
>
> Plaintiff takes no position as to whether the six documents that he has provisionally filed under seal should be maintained under seal. Under Local Rule 5(g), Defendants and Mr. Popejoy bear the burden to justify the maintenance of the documents Plaintiff has filed under seal.

ORDER GRANTING MOTION TO SEAL - 1

Dkt. #64 at 1. On June 15, 2016, the Court issued an Order to Show Cause why this Motion should not be denied and the documents at issue unsealed. Dkt. #72. On June 22, 2016, Defendants submitted a Response to this Order and supporting declaration, arguing in favor of sealing the documents at issue with the "specific statement" required under LCR 5(g)(3)(B). Dkt #74. Defendants argue that there is "ample reason for this material to be protected from public disclosure" because "as to materials reflecting the deliberations of the PIMCO Funds Board of Trustees and the detailed financial and commercial information underlying those deliberations, there is substantial risk of competitive harm to PIMCO and of a chilling effect on Board deliberations if such materials were open to public scrutiny," and "as to materials relating to a dispute regarding a Trustee's departure from the Board, good cause exists based on the non-party Trustees' interests in maintaining the privacy of Board determinations regarding its makeup." Dkt. #74 at 2. Defendants argue that certain documents at issue were produced by William Popejoy, a former PIMCO Funds independent trustee, pursuant to a subpoena from Plaintiff, and that Mr. Popejoy designated the documents as confidential pursuant to the Stipulated Protective Order, Dkt. #55. *Id.* at 5. Defendants state that they "regret[] not making a timely submission regarding the Motion to Seal pursuant to LCR 5(g)(3)(B)," but that they intended to respond to this Motion contemporaneous with filing a response to the underlying Motion to Compel. *Id.* Defendants apologize for not making this intention clear in their prior stipulation to extend the deadline to respond to the Motion to Compel. *Id.* Defendants attach a declaration supporting these arguments, and nonparty witness William Popejoy has filed a Joinder in support of Defendants' position. *See* Dkt. ## 75, 79.

"There is a strong presumption of public access to the court's files." LCR 5(g). "Only in rare circumstances should a party file a motion, opposition, or reply under seal." LCR

ORDER GRANTING MOTION TO SEAL - 2

5(g)(5). Normally the moving party must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." LCR 5(g)(3)(B). However:

> Where parties have entered a litigation agreement or stipulated protective order (see LCR 26(c)(2)) governing the exchange in discovery of documents that a party deems confidential, a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B) above. Instead, the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion.

LCR 5(g)(3). A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal citations omitted). Plaintiff has already stated that he takes no position on whether the materials at issue should remain sealed. Dkt. #64 at 1. The Court has reviewed the documents at issue, finds that they contain sensitive financial and commercial information and board deliberations regarding the same, and that public disclosure of such information could harm Defendants. The Court therefore finds that good cause exists to seal.

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Robert Kenny's Motion to Seal (Dkt. #64) is GRANTED. Dkt. #66 and exhibits 7, 10, 11, 12, 14, and 15 to Dkt. #67 shall remain SEALED.

DATED this 27th day of June 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO SEAL - 3