UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT KENNY, | Case No. C14-1987-RSM |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS |
| v. | |
| PACIFIC INVESTMENT MANAGEMENT COMPANY LLC, a Delaware limited liability company; PIMCO INVESTMENTS LLC, | |
| Defendants. | |

## I.  INTRODUCTION

This matter comes before the Court on Plaintiff Robert Kenny's Motion for Judgment on the Pleadings, Dkt. #58. Mr. Kenny moves the Court pursuant to Rule 12(c) for judgment on Defendants' Third Affirmative Defense to prevent recovery of post-filing damages, arguing that the clear language of the statute of limitations and case law allow for prospective recovery. *Id.* PIMCO opposes this Motion, arguing that Plaintiff's Motion is premature and that the statute of limitations limits recovery to a retrospective one-year period. Dkt. #70. The Court concludes that the issues have been sufficiently briefed and oral argument is unnecessary. For the reasons set forth below, the Court agrees with Plaintiff and GRANTS Plaintiff's Motion.

ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS - 1

## II.     BACKGROUND

A full background of this case is not necessary for the purposes of this Motion. Plaintiff Robert Kenny is a shareholder of the PIMCO Total Return Fund ("Fund"), a mutual fund run and distributed by Defendants. Dkt. #1 at 4. Mr. Kenny began investing in this fund in 2011. *Id*. at 5. Plaintiff alleges that Defendants have breached their fiduciary duty owed to the shareholders of the Total Return Fund pursuant to Section 36(b) of the Investment Company Act ("ICA") by charging the Fund excessive fees in four instances: Investment Advisor Fees, Supervisory and Administrative Fees, Distribution Fees, and Servicing Fees. *Id*. at 18-27. Plaintiff alleges that, although the Total Return Fund has grown substantially in size, the fees have grown proportionally, "reflecting a failure to pass on economies of scale to the Fund." *Id*. at 27. Plaintiff alleges that the fees charged to the shareholders of the Total Return Fund are excessive when compared to other PIMCO clients, including private individual investors and shareholders of two other funds. *See id.* at 36-42. Plaintiff's Complaint provides lengthy and detailed allegations that the management structure and high compensation of the PIMCO Board has led to a lack of independence and conscientiousness and thus this breach of fiduciary duty. *See id.* at 50-57. Plaintiff's Complaint states "[b]ecause the conduct complained of herein is continuing in nature, Plaintiff seeks recovery for a period commencing at the earliest date in light of any applicable statute of limitations through the date of final judgment after trial." *Id*. at 4.

Defendants' Answer raises the following Third Affirmative Defense: "Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and the one-year "look-back" statutory limitation on damages included in Section 36(b) of the ICA." Dkt. #48 at 29.

## III.     DISCUSSION

ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS - 2

### A. Legal Standard

"After the pleadings are closed – but within such time as not to delay the trial – any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (citations and internal quotation marks omitted); *see also United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1053 (9th Cir. 2011). In making a Rule 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted).

### B. Analysis

Plaintiff starts with the proposition that "[i]n civil actions generally, absent some express limitation, proof of damages is not restricted to the time before the filing of the complaint, and damages caused by a defendant's liability-producing conduct ordinarily may be proved through the time of trial and judgment." Dkt. #58 at 8 (citing *Forsythe v. Sun Life Fin., Inc.*, 475 F. Supp. 2d 122, 124-25 (D. Mass. 2007)). Plaintiff argues that the plain language of Section 36(b)(3) of the ICA "only limits when damages may *begin* to accrue." *Id.* (emphasis in original). In terms of a limitations period, the statute at issue states only that "[n]o award of damages shall be recoverable for any period prior to one year before the action was instituted." 15 U.S.C. § 80a-35(b)(3). There is no explicit discussion of recovery for damages continuing to occur after the Complaint was filed. Plaintiff argues that the "starting point for interpretation of a statute 'is the language of the statute itself'" and that "absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Id.* (citing

ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS - 3

*Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835 (1990) (quoting *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980)). Plaintiff also cites Supreme Court precedent that "[u]nless exceptional circumstances dictate otherwise, '[w]hen we find the terms of a statute unambiguous, judicial inquiry is complete.'" *Id.* (citing *Burlington N. R.R. Co. v. Okla. Tax Comm'n*, 481 U.S. 454, 461 (1987) (quotation omitted)). Plaintiff therefore argues that the statute's plain language entitles Plaintiff to recover damages starting on December 31, 2013, and continuing through the date of trial. *Id.* Plaintiff buttresses his position with citations to an Eighth Circuit case holding that "a straightforward reading of the damage limitation [in Section 36(b)(3)] yields only a retrospective limitation" and several district court cases supporting his position. *Id.* at 8-9 (citing *Gallus v. Ameriprise Fin., Inc.*, 561 F.3d 816, 825 (8th Cir. 2009), *vacated on other grounds by* 130 S. Ct. 2340 (Apr. 5, 2010); *Kasilag v. Hartford Inv. Fin. Servs., LLC*, No. 11-1083, 2016 WL 1394347, at *15 (D.N.J. Apr. 7, 2016); *In re Federated Mut. Funds Excessive Fee Litig.*, No. 2:04-352, 2011 WL 846068 at *3 (W.D. Pa. Mar. 8, 2011); *Mintz v. Baron*, No. 05-4904, 2009 WL 735140, at *4 (S.D.N.Y. Mar. 20, 2009); *Forsythe*, 475 F. Supp. 2d at 124; *Dumond v. Mass. Fin. Servs. Co.*, No. 04-11458, 2007 WL 602589, at *1 (D. Mass. Feb. 22, 2007); *Vaughn v. Putnam Inv. Mgmt., LLC*, No. 04 cv-10988, 2007 WL 602596, at *1 (D. Mass. Feb. 22, 2007); *Hunt v. Invesco Funds Group, Inc.*, No. 04 -02555, 2006 WL 1751900, at *1 (S.D. Tex. June 22, 2006)). Plaintiff points out that the Eighth Circuit in *Gallus* directly addressed the argument that recovery should be limited to one year because investment advisory contracts must be approved annually, holding that "[t]he plain language of the statute… does not support this interpretation" and that "where the plaintiffs have continued to suffer damage during the litigation, both the language of the statute and the interests of judicial economy suggest that redress should be available in a single action." 561 F.3d at 825. Plaintiff spends several pages

ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS - 4

arguing why the district court cases support his position on this issue. *See* Dkt. #58 at 10-13. Plaintiff also argues that the "practical realities of litigation" support including damages through the time of trial. *Id.* at 13 (citing *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co., Inc.*, 668 F.2d 1014, 1057 n. 74 (9th Cir. 1981) ("if the original pleading gave defendant notice that the conduct, transaction, or occurrence is of a continuing nature, he should be prepared to defend against all claims arising out of it, whether they arose before or after the original complaint was filed.")). Plaintiff also points out Defendants in this case have already agreed to produce discovery beyond the one year period of damages, and that "[f]iling a new action with a new damages period every year… generates inefficiencies and wastes judicial resources." *Id.* at 15-16.

In Response, Defendants argue that "Section 36(b)(3) of the ICA is clear on the scope of the relief available to the plaintiff." Dkt. #70 at 11. Defendants then proceed to misrepresent the limitations language of Section 36(b) by quoting only sections of the statute and omitting certain words in the same sentence. *Id.* ("…he is entitled to damages for a one-year period "before the action was instituted," with damages "limited to the actual damages resulting from the breach of fiduciary duty" that "shall in no event exceed the amount of compensation or payments received from such investment company, or the security holders thereof, by such recipient."). Defendants argue that Plaintiff's Motion is premature because the "amount of damages" is a question of fact normally reserved for trial. *Id.* (citing, *inter alia*, *Bubar v. Ampco Foods, Inc.*, 752 F.2d 445, 449 (9th Cir. 1985)). Defendants argue that "[a] motion for judgment on the pleadings at this stage is too early for the Court to determine the scope of the relief to which the plaintiff is entitled." *Id.* at 12. Defendants argue that "[r]esolution of the scope of available remedy now would be premature and would be tantamount to an advisory opinion on damages before the plaintiff has adduced a single fact in

ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS - 5

support of his claim." *Id*. If the Court decides to address this issue now, Defendants argue that "[a] number of courts have read Section 36(b)(3) to mean that damages are limited to the one-year period prior to the suit being filed." *Id*. at 13. Defendants argue that the Supreme Court observed in dicta that "recovery is limited to actual damages for a period of one year prior to suit." *Daily Income Fund v. Fox*, 464 U.S. 523, 526 n.2 (1984). Defendants cite to Second and Seventh Circuit cases supporting their position. *Id.* (citing *Green v. Nuveen Advisory Corp.*, 295 F.3d 738, 743 (7th Cir. 2002) ("damages are recoverable only for the one-year period before the filing of the action"); *Fox v. Reich & Tang, Inc.*, 692 F.2d 250, 261 (2d Cir. 1982) ("Section 36(b) expressly limits recovery to excessive fees paid up to one year prior to the commencement of suit."); *Kahn v. Kohlberg, Kravis, Roberts & Co.*, 970 F.2d 1030, 1037-38 (2d Cir. 1992) ("[t]here is no express time limit on bringing an action under § 36(b), but the plaintiff may collect only those damages that have accrued in the prior year.")). Defendants cite to several district court opinions supporting their position as well. *Id*. at 13-14 (citing *In re Franklin Mut. Funds Fee Litig.*, 478 F. Supp. 2d 677, 685 (D.N.J. 2007); *Brever v. Federated Equity Mgmt. Co. of Pa.*, 233 F.R.D. 429, 433 (W.D. Pa. 2005)). Defendants argue that "[a]s the judges in *Brever* and *Franklin Mutual Funds* reasoned, a filing-date termination of the damages period comports with the statutory requirement that the Board review and approve the servicing and distribution contracts and 12b-1 plan for the [the Total Return Fund] every year." *Id*. at 15. Defendants argue that "[e]ven if the fees for consecutive years end up the same, those fees are the result of different review and approval processes, and the plaintiff must challenge each year's fees in a discrete complaint." *Id*. Defendants argue that "[i]t is no answer that the plaintiff here wants to be relieved of the task of filing new suits based on different facts because of the supposed 'practical realities of litigation,'" arguing that changes from year to

ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS - 6

year make it possible that a defendant could be found to have violated a fiduciary duty in one year but not the next. *Id*. at 15-16.

On Reply, Plaintiff argues that Defendants' "glaringly omit the single most key limiting word: before" in their quoting of the text of Section 36(b)(3), and that the full statutory text could not be more clear as to the damages it is and is not limiting. Dkt. #73 at 2. Plaintiff argues:

> Defendants also attempt to make much of the fact that the Fund's contracts are renewed on an annual basis and mischaracterize the "supposed 'practical realities of litigation.'" Defs.' Resp. at 10. The realities of Section 36(b) litigation are not "supposed" but "actual": unless a plaintiff fortuitously files a lawsuit on the exact date the contracts expire, every Section 36(b) case necessarily will involve a trial relating to compensation received pursuant to at least two contracts covering at least two contract renewal periods. Case in point, the Kenny case involves two contracts effective September 1, 2013 and 2014, and Plaintiff's Anniversary Complaint covers two contracts effective September 1, 2014 and 2015. Thus, the contract that became effective on September 1, 2014, is now the subject of both cases.

*Id*. at 2-3. Plaintiff goes on to summarize the many procedural efficiencies of granting his Motion rather than requiring annual Anniversary Complaints with separate discovery, deadlines, etc. *Id*. at 3. In response to Defendants' argument that this Motion is premature, Plaintiff is only requesting "the Court determine whether Section 36(b) forecloses proof of post-commencement damages, not the amount of damages shareholders of the Fund should recover." *Id.* Plaintiff argues that the cases he cites analyze the issue at hand "squarely" and "found that there is no prospective limitation on the damages period," but Defendants' cases "do not actually analyze the issue of post-filing damages at all." *Id*. at 4. Plaintiff reiterates that his Motion "raises a purely legal issue for which no discovery is needed." *Id*. at 7.

As an initial matter, the Court clarifies that it is not being asked the broader question of "determin[ing] the scope of the relief to which the plaintiff is entitled," but the narrow question

ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS - 7

of whether a limitation on prospective damages (as raised by Defendants' Third Affirmative Defense) is legally supported. This issue is therefore not premature for the reasons cited by Defendants—Plaintiff will still be required to prove his damages at trial. Further, there are significant procedural efficiencies to be realized by resolution of this issue now.

Turning to the substantive question, the Court begins with the words of the statute: "[n]o award of damages shall be recoverable for any period prior to one year before the action was instituted." 15 U.S.C. § 80a-35(b)(3). It is clear from a plain reading that damages prior to one year before filing the Complaint are barred. The statute makes no mention of damages occurring after the Complaint is filed, and it certainly does not state that Plaintiff is *only* entitled to damages for a one-year period before the action was instituted. The Court then turns to the case law argued by the parties. The Court finds *Gallus* to be entirely on point and persuasive. The Court agrees that "where the plaintiffs have continued to suffer damage during the [Section 36(b)] litigation, both the language of the statute and the interests of judicial economy suggest that redress should be available in a single action." *Gallus*, 561 F.3d at 825. The cases cited by Defendant that merely repeat the language of the statute do not bolster Defendant's position of an additional *prospective* limitation. The cases cited by Defendant holding that "a filing-date termination of the damages period comports with the statutory requirement that the Board review and approve the servicing and distribution contracts and 12b-1 plan for the [the Total Return Fund] every year" are insufficient to persuade the Court to read an additional limitation into the statute beyond the existing text. *See* Dkt. #70 at 15 (citing *Brever* and *Franklin Mutual Funds, supra*). Finally, the Court finds it more practical to allow Plaintiff to seek damages in one trial rather than requiring annual "Anniversary Complaints," for several reasons. First, the Court agrees with Plaintiff that "unless a plaintiff fortuitously files a lawsuit on the exact date the contracts expire, every Section 36(b) case necessarily will

ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS - 8

involve a trial relating to compensation received pursuant to at least two contracts covering at least two contract renewal periods." Dkt. #73 at 2. Second, the Court agrees that discovery is simplified by Plaintiff proceeding with one case rather than two or more cases. Finally, the Court agrees that "[f]iling a new action with a new damages period every year… wastes judicial resources." Dkt. #58 at 16. For all of these reasons, the Court concludes that Section 36(b) of the ICA contains only a retrospective limitation on damages and that Plaintiff need not file Anniversary Complaints annually to preserve his right to pursue damages incurred after the filing of this action.

## IV.   CONCLUSION

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Robert Kenny's Motion for Judgment on the Pleadings (Dkt. #58), is GRANTED. Defendant's Third Affirmative Defense is limited by the conclusions of this Order, and Plaintiff need not file

Anniversary Complaints annually to preserve his right to pursue damages incurred after the filing of this action.

DATED this 15 day of August 2016.

_____
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE