UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT KENNY,<br><br>        Plaintiff,<br><br>        v.<br><br>PACIFIC INVESTMENT MANAGEMENT COMPANY LLC, a Delaware limited liability company; PIMCO INVESTMENTS LLC,<br><br>        Defendants. | Case No. C14-1987-RSM<br><br>ORDER GRANTING PLAINTIFF'S SECOND MOTION TO COMPEL |

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff Robert Kenny's Motion to Compel PIMCO Trustees to Produce Documents. Dkt. #102 (filed under seal). Mr. Kenny moves the Court to compel certain Independent Trustees[1] of the PIMCO Total Return Fund ("Fund") to produce documents they have redacted or withheld under the attorney-client privilege. The non-party Trustees and Defendants Pacific Investment Management Company LLC and PIMCO Investments LLC (collectively, "PIMCO") each oppose this Motion. Dkts. #113 and #120. For the reasons set forth below, the Court GRANTS Plaintiff's Motion.

---

[1] This motion is brought against Trustees George Borst, E. Philip Cannon, Jennifer Dunbar, J. Michael Hagan, Gary Kennedy, Peter McCarthy, and Ronald Parker. Dkt. #102 at 4 n.1.

ORDER GRANTING PLAINTIFF'S SECOND MOTION TO COMPEL - 1

## II.  BACKGROUND

A full background of this case is not necessary for the purposes of this Motion. Plaintiff Robert Kenny is a shareholder of the PIMCO Total Return Fund ("Fund"), a mutual fund run and distributed by Defendants. Dkt. #1 at 4. Mr. Kenny began investing in this fund in 2011. *Id*. at 5. Plaintiff alleges that Defendants have breached their fiduciary duty owed to the shareholders of the Total Return Fund pursuant to Section 36(b) of the Investment Company Act ("ICA") by charging the Fund excessive fees in four instances: Investment Advisor Fees, Supervisory and Administrative Fees, Distribution Fees, and Servicing Fees. *Id*. at 18-27. Plaintiff alleges that, although the Total Return Fund has grown substantially in size, the fees have grown proportionally, "reflecting a failure to pass on economies of scale to the Fund." *Id*. at 27. Plaintiff alleges that the fees charged to the shareholders of the Total Return Fund are excessive when compared to other PIMCO clients, including private individual investors and shareholders of two other funds. *See id.* at 36-42. Plaintiff's Complaint provides lengthy and detailed allegations that the management structure and high compensation of the PIMCO Board has led to a lack of independence and conscientiousness and thus this breach of fiduciary duty. *See id.* at 50-57.

On November 30, 2015, Plaintiff issued non-party document subpoenas to the Independent Trustees. *See* Dkt. #116 at 8. In response, the Independent Trustees redacted and withheld over 200 documents on the basis of the attorney client privilege. *See* Dkts. #101-2 ("Redaction Log") and #101-3 ("Privilege Log"). These logs indicate redactions and withholding for, *inter alia*, "[c]ommunication relating to confidential legal advice regarding preparation for or information received in connection with other board or committee meetings," "[c]ommunication relating to confidential legal advice regarding the departure of William H.

ORDER GRANTING PLAINTIFF'S SECOND MOTION TO COMPEL - 2

Gross or Mohamed El-Erian and board governance matters," "[c]ommunication relating to confidential legal advice regarding the consideration, addition, and/or integration of new Independent Trustees," "[c]ommunication relating to confidential legal advice regarding the annual review and approval of the Total Return Fund's Investment Advisory Contract, Supervision and Administration Agreement, and Distribution and Servicing Plans," and "[c]ommunication relating to confidential legal advice regarding the retirement of Independent Trustees." *Id*.

### III. DISCUSSION

#### A. Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1) (effective December 1, 2015). "Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.'" *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). "District courts have broad discretion in determining relevancy for discovery purposes." *Id*. (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

ORDER GRANTING PLAINTIFF'S SECOND MOTION TO COMPEL - 3

### B. The Fiduciary Exception to the Attorney-Client Privilege

"The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice" as well as "an attorney's advice in response to such disclosures." *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009). The attorney-client privilege "is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981) (citing 8 J. Wigmore, Evidence § 2290 (J. McNaughton rev. 1961)). Its aim is "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." 449 U.S., at 389. However, "the privilege stands in derogation of the public's 'right to every man's evidence' and as 'an obstacle to the investigation of the truth,' [and] thus… '[i]t ought to be strictly confined within the narrowest possible limits consistent with the logic of its principle.'" *Ruehle*, 583 F.3d at 607 (citing *In re Horowitz*, 482 F.2d 72, 81 (2d Cir. 1973) (citations omitted)). Though the attorney-client privilege is essential to facilitating open attorney-client communications, it is at the same time not absolute. *See Chandola v. Seattle Housing Authority*, No. 13-557 RSM, 2014 WL 4685351, at *2 (W.D. Wash. Sept. 19, 2014).

Plaintiff argues that a "fiduciary exception" to the attorney-client privilege should apply in this matter. Dkt. #102 at 8 (citing *United States v. Jicarilla*, 564 U.S. 162, 171-72 (2011); *United States v. Mett*, 178 F.3d 1058, 1062 (9th Cir. 1999)). In *Jicarilla*, Plaintiff argues, the Supreme Court summarizes prior cases holding that the attorney-client privilege cannot be a basis for withholding information from the beneficiary of a trust when a trustee seeks or is provided legal advice to "guide the administration of the trust." *Id.* (citing 564 U.S. at 170). In such a scenario, "the attorney-client privilege properly belonged to the beneficiaries rather than

ORDER GRANTING PLAINTIFF'S SECOND MOTION TO COMPEL - 4

the trustees." *Jicarilla*, 564 U.S. at 172.  Only where the trustee shows that he or she obtained legal advice for his or her own personal protection or independent personal purpose will the attorney-client privilege survive.  *Id*.  This rule ensures that there is a "full disclosure necessary in the trustee-beneficiary relationship," which is "ultimately more important than the protection of the trustees' confidence in the attorney for the trust."  *Id*. at 172-73 (quotations and citation omitted).   Meanwhile, *Mett* holds that "[a]s applied in the ERISA context, the fiduciary exception provides that an employer acting in the capacity of ERISA fiduciary is disabled from asserting the attorney-client privilege against plan beneficiaries on matters of plan administration," while also holding that legal advice for pending litigation may not fall under the exception.  178 F.3d at 1063.  Plaintiff cites *Mett* for the "two distinct rationales" for the fiduciary exception: (1) that there is a duty under the applicable law to "disclose to plan beneficiaries all information regarding plan administration;" and (2) the "notion that, as a representative for the beneficiaries of the trust which he is administering, the trustee is not the real client in the sense that he is personally being served."  *Id*. at 8 (citing 178 F.3d at 1063). Plaintiff argues that the fiduciary exception "had its genesis in English trust law, but has since been applied to numerous fiduciary relationships."  *Id*. at 9 (citing *Mett*, 178 F.3d at 1063). Plaintiff argues that the PIMCO Funds Trust "is a trust" and "is a Massachusetts business trust."   *Id*.   Plaintiff discusses the fiduciary nature of the independent trustees under Massachusetts and federal law. *Id.* at 9-10.  Plaintiff argues that the communications at issue were provided to the Independent Trustees in their role as fiduciaries and relate to plan administration.  *Id*. at 11-18.  Plaintiff argues that "the source of payment of the trustee's counsel is a persuasive factor in the application of the fiduciary exception." *Id*. at 12 (citing *Jicarilla*, 564 U.S. at 173).  Plaintiff argues that the legal counsel at issue was paid for by the

ORDER GRANTING PLAINTIFF'S SECOND MOTION TO COMPEL - 5

Trust rather than Defendants, citing the Fund's administration agreement which states that the Trust pays the "fees and expenses of legal counsel retained for their [the Trust's] benefit." *Id*. (citing Dkt. #103-7 at 8) (filed under seal)).

In Response, the non-party Independent Trustees argue that "no court in this District, this Circuit or elsewhere, has ever recognized a 'fiduciary exception' in the context of (a) the mutual fund industry, (b) communications between non-party independent trustees and their independent counsel, or (c) the hundreds of Section 36(b) lawsuits filed in the 45 year history of Section 36(b)." Dkt. #113 at 5 (filed under seal). The Trustees argue that they carefully redacted and withheld documents and accurately labeled such redactions and withholdings in the privilege log, discussed *supra*. *Id*. at 8. The Trustees argue that there is no dispute that the communications would normally be attorney-client privileged. *Id.* at 9. The Trustees contend that the fiduciary exception should not be extended by this court to the mutual fund context as it is "wholly incompatible with the legal framework governing mutual funds." *Id*. The Trustees argue that the ICA provides that investment companies must be governed by a board of trustees, at least 40% of whom must be independent. *Id.* at 10 (citing 15 U.S.C. §§80a-2, 80a-10). The Independent Trustees emphasize the "independent" nature of their role, and the importance of freely communicating with independent legal counsel under the protection of the attorney-client privilege. *Id*. at 10-11. The Trustees argue that "the privilege 'exception' Plaintiff would have this Court announce under the pretense of shareholder interest would actually destabilize the mutual fund industry to the detriment of all shareholders." *Id*. at 12. The Trustees distinguish *Mett*, relied on by Plaintiff, from the facts of this case, arguing that the Ninth Circuit recognized in *Mett* a narrow fiduciary exception "in the ERISA context" where "'an employer acting in the capacity of ERISA fiduciary is disabled from asserting the

ORDER GRANTING PLAINTIFF'S SECOND MOTION TO COMPEL - 6

attorney-client privilege against plan beneficiaries on matters of plan administration," 178 F.3d at 1062-63, but that "[n]othing in that case, or any other, indicates that ERISA trusts, administrators, and beneficiaries are sufficiently analogous to mutual fund trusts, trustees, and shareholders… *Id.* at 13 (citing *Mett*, *supra*). The Trustees argue that the PIMCO trust as a Massachusetts Business Trust is "critically different" from an ERISA trust or common law trust. *Id*. at 13-14.

Defendant PIMCO's Response "join[s] the Independent Trustees' opposition and the arguments they assert therein…" Dkt. #120 at 5 (filed under seal). PIMCO devotes a great deal of ink responding to facts which it admits have "nothing to do with the legal issue presented by [Plaintiff's] motion." *Id*. at 6.[2] PIMCO argues that "[i]f the communications of [the] independent trustees with their independent counsel were opened to the public, those communications could be chilled…" *Id*. at 13. PIMCO relies heavily on an out-of-circuit case, *Garner v. Wolfinbarger*, 430 F.2d 1093, 1103-04 (5th Cir. 1970), for the proposition that Plaintiff must show "good cause" for overcoming the attorney-client privilege. *See id.* at 13-14. PIMCO argues that "[b]y challenging the independence and conscientiousness of the Fund's Trustees and asserting that the evidence developed so far suggests serious flaws in the Board's process… Plaintiff has disclaimed a unity of interest with the Trustees…" *Id*. at 15 (internal quotations and citations omitted).

On Reply, Plaintiff argues that *Mett* does not explicitly limit the fiduciary exception to ERISA or common-law trust cases. Dkt. #130 at 4 (filed under seal). Plaintiff argues that the Independent Trustees are fiduciaries to the fund shareholders, and that they were not seeking personal legal advice or advice in anticipation of this or any other litigation. *Id*. at 5. Plaintiff argues that "the fiduciary exception *should* apply to litigation under §36(b) of the [ICA]"

---

[2] These facts and related arguments are deliberately omitted from discussion.

ORDER GRANTING PLAINTIFF'S SECOND MOTION TO COMPEL - 7

because such cases are "inherently derivative" and because "the fiduciary duty imposed by § 36(b) is identical in content to that imposed on dominant or controlling shareholders." *Id*. at 6-7 (citing *Jones v. Harris Assocs. L.P.*, 130 S.Ct. 1418, 1427 (2010); *Fausek v. White*, 965 F.2d 126, 133 (6th Cir. 1992); *In re Transocean Tender Offer Sec. Litig.*, 78 F.R.D. 692, 694-95 (N.D. Ill. 1978) (emphasis added)).  Plaintiff argues that the Ninth Circuit has not adopted a requirement that good cause be shown as required under *Garner, supra*. *Id.* at 8 (citing the Trustees' briefing, Dkt. #113 at 16 n.12 ("Although the Ninth Circuit has not expressly recognized the "good cause" pre-requisite to applying the "fiduciary exception" recognized in *Garner v. Wolfinbarger*, 430 F.2d 1093 (5th Cir. 1970), *see Weil v. Inv./Indicators Research & Mgmt.*, 647 F.2d 18 (9th Cir. 1981), Plaintiff does not and cannot demonstrate good cause here.").  Plaintiff then proceeds anyway to present "good cause" for the application of the exception. *Id*. at 8-12.  Plaintiff suggests the Court should conduct an *in camera* review "if the Court believes Plaintiff has met his burden for applying the exception but wants to ensure that the information in each document meets the threshold for production to Plaintiff." *Id*. at 11.

On Surreply, the Independent Trustees ask the Court to strike material in the Reply "that raises two new arguments beyond the scope of the Motion," namely that § 36(b) cases are inherently derivative and that "good cause" exists in this case.  Dkt. #134.

The parties do not dispute the relevance of the requested materials.  Plaintiff concedes that the attorney-client privilege would normally apply to the communications contained in the materials.  *See* Dkt. #102 at 11.  Thus the only question before the Court is whether to apply the fiduciary exception from *Jicarilla* and *Mett* to the instant matter.  The Court notes Plaintiff's inability to cite any precedent for extending this exception to the context of this case, *i.e.* otherwise privileged attorney communications with the independent trustees of a mutual fund

ORDER GRANTING PLAINTIFF'S SECOND MOTION TO COMPEL - 8

set up as a trust under Massachusetts law. However, the Court also notes that PIMCO and the Independent Trustees are unable to cite any case barring the application of the fiduciary exception. In considering this issue of first impression, the Court looks to the law cited by Plaintiff from *Jicarilla* and *Mett,* the ways those fact patterns differ from the instant matter, and the rationale for the fiduciary exception. The Court notes that, despite the Independent Trustees' emphasis on the independence of their role, it is from the Plan Administrator that they are independent, not the trust beneficiaries, *i.e.* shareholders. None of the Trustee's or PIMCO's arguments about the importance of the attorney-client privilege or the applicable statutory and regulatory structure satisfactorily explain why the independent trustees, acting as fiduciaries to the beneficiaries of the trust, should be able to resist disclosure to those beneficiaries of attorney communications paid for by the trust for the benefit of the trust.

Considering all of this, the Court finds the instant matter sufficiently analogous to situations cited by *Jicarilla* and *Mett* where the fiduciary exception has been applied. The PIMCO Total Return Fund is indisputably set up as a trust. The Independent Trustees clearly owed a fiduciary duty to Plaintiff and other shareholders. The communications at issue include legal advice for managing the fund, not personal advice to the Trustees, and the communications were not made in anticipation of this or any other litigation.

The Court finds that the Defendants and the Independent Trustees have failed to meet their burden of showing why the discovery request should be denied and will therefore grant Plaintiff's Motion. Because there is little dispute as to the nature of the communications, the Court need not conduct an *in camera* review. Nothing in this Order requires public disclosure of the requested materials and there is a stipulated protective order already in place. *See* Dkt.

ORDER GRANTING PLAINTIFF'S SECOND MOTION TO COMPEL - 9

#55. The Court has not relied on the arguments contained in Plaintiff's Reply to reach this conclusion, and thus concludes that the Independent Trustee's request to strike is moot.

## IV.    CONCLUSION

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Robert Kenny's Motion to Compel (Dkt. #102) is GRANTED.  The Court orders the Trustees to produce: (a) unredacted versions of the documents listed in Exhibit 1 to the Lin Declaration, Dkt. #101-1; and (b) all of the withheld documents listed in the Trustees' Amended Privilege Log, Dkt. #101-3.

DATED this 21 day of November 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFF'S SECOND MOTION TO COMPEL - 10