The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| ROBERT KENNY, | Case No. 2:14-cv-01987-RSM |
|---|---|
| Plaintiff, | AMENDED STIPULATED PROTECTIVE ORDER |
| v. | |
| PACIFIC INVESTMENT MANAGEMENT COMPANY LLC, a Delaware limited liability company; PIMCO INVESTMENTS LLC, | |
| Defendants. | |

1.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

RICHARDSON PATRICK
WESTBROOK & BRICKMAN, LLC
1017 Chuck Dawley Blvd.
Mount Pleasant, South Carolina 29464
TELEPHONE: (843) 727-6500
FACSIMILE: (843) 881-6183

entitle parties to file confidential information under seal.  The parties agree to be bound by the terms of this agreement pending the entry by the Court of this agreement, and any violation of its terms shall be subject to the same penalties and sanctions, as if this agreement had been entered by the Court.

2.      "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged by and among the parties and any non-parties to the above-captioned action:

2.1.    All information of a personal or private nature (financial or otherwise) and all information of a proprietary, financial, technical and/or commercially sensitive nature of any sort, including but not limited to:

(a)     Materials prepared for or provided to an audit committee, governance committee, or board of trustees;

(b)     Trade secrets and other proprietary technical, research, development, sales, and marketing information;

(c)     Financial, budgeting, and accounting information, including profit and loss information;

(d)     Information about existing and potential customers and third parties with whom a Disclosing Party had or is maintaining a business relationship, including, but not limited to, client, customer or shareholder names;

(e)     Information regarding business strategies, decisions, and negotiations;

(f)     Proprietary information about the parties' affiliates, parents, and subsidiaries;

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**RICHARDSON PATRICK
WESTBROOK & BRICKMAN, LLC**
1017 Chuck Dawley Blvd.
Mount Pleasant, South Carolina 29464
TELEPHONE: (843) 727-6500
FACSIMILE: (843) 881-6183

(g)     Information of a private or personal nature, such as Social Security Numbers, health information, personal financial data, credit information, and employment information, including information contained in personnel or human resources records; and

(h)     Proprietary business procedures, manuals, or policies.

3.      SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.  However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.  This Protective Order does not prohibit the producing party from disclosing its own Confidential Information at any time for any purpose.

4.      ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1.    Basic Principles.  A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement.  Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**RICHARDSON PATRICK
WESTBROOK & BRICKMAN, LLC**
1017 Chuck Dawley Blvd.
Mount Pleasant, South Carolina 29464
TELEPHONE: (843) 727-6500
FACSIMILE: (843) 881-6183

4.2.   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)   the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation and who have been advised of their obligations hereunder;

(b)   the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation and who have been advised of their obligations hereunder;

(c)   experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" ("Acknowledgment") (Exhibit A);

(d)   the court, court personnel, and court reporters and their staff;

(e)   third-party vendors retained by counsel to assist in the hosting, copying, or imaging of confidential material, provided that counsel for the party retaining the hosting, copying, or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court.  However, no

AMENDED STIPULATED
PROTECTIVE ORDER
(Case No. 2:14-cv-01987-RSM) -4

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**RICHARDSON PATRICK
WESTBROOK & BRICKMAN, LLC**
1017 Chuck Dawley Blvd.
Mount Pleasant, South Carolina 29464
TELEPHONE: (843) 727-6500
FACSIMILE: (843) 881-6183

Acknowledgment is required when the disclosure is from the receiving party to any of the following of the designating party: current directors, trustees, officers, employees, or representatives; current affiliates or affiliates of affiliates; or entities under common control with the designating party. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3.    <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

5.      <u>DESIGNATING PROTECTED MATERIAL</u>

5.1.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that

AMENDED STIPULATED
PROTECTIVE ORDER
(Case No. 2:14-cv-01987-RSM) -5

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**RICHARDSON PATRICK**
**WESTBROOK & BRICKMAN, LLC**
1017 Chuck Dawley Blvd.
Mount Pleasant, South Carolina 29464
TELEPHONE: (843) 727-6500
FACSIMILE: (843) 881-6183

qualifies under the appropriate standards.  The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2.    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this agreement (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)    <u>Information in documentary form</u>:  (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material.  If

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

RICHARDSON PATRICK
WESTBROOK & BRICKMAN, LLC
1017 Chuck Dawley Blvd.
Mount Pleasant, South Carolina 29464
TELEPHONE: (843) 727-6500
FACSIMILE: (843) 881-6183

only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)      Testimony given in deposition or in other pretrial or trial proceedings: the parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  Any party or non-party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.

(c)      Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3.   Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material.  Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**RICHARDSON PATRICK
WESTBROOK & BRICKMAN, LLC**
1017 Chuck Dawley Blvd.
Mount Pleasant, South Carolina 29464
TELEPHONE: (843) 727-6500
FACSIMILE: (843) 881-6183

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.   Timing of Challenges.  Any party or non-party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.   Meet and Confer.  The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement.  Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action.  The certification must list the date, manner, and participants to the conference.  A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3.   Judicial Intervention.  If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable) within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute (or any additional period agreed to, in writing, by the receiving party).  The burden of persuasion in any such motion shall be on the designating party.  Frivolous challenges, and those made for an

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

RICHARDSON PATRICK
WESTBROOK & BRICKMAN, LLC
1017 Chuck Dawley Blvd.
Mount Pleasant, South Carolina 29464
TELEPHONE: (843) 727-6500
FACSIMILE: (843) 881-6183

improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.  All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. <u>MOTIONS TO SEAL</u>

    7.1.    The parties shall comply with the provisions of Local Rule 5(g) on Sealing and Redacting of Court Records.

8. <u>NON-PARTIES</u>

    8.1.    Non-parties that produce documents or provide deposition testimony in this Litigation in response to a subpoena or otherwise may designate the documents or testimony provided by them as Confidential Information or Highly Confidential Information—Attorneys' Eyes Only in the manner provided in this Protective Order, and may fully avail themselves of the protections afforded to parties under this Protective Order by executing the acknowledgement form attached hereto as Exhibit B.

    8.2.    Non-parties required to produce documents or provide deposition testimony in this Litigation pursuant to a court order may designate the documents or testimony provided by them as "Highly Confidential Information—Attorneys' Eyes Only" for extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means (*e.g.*, documents which a non-party asserts are protected by the attorney-client privilege). For such documents or deposition testimony, the provisions in this Protective Order shall

AMENDED STIPULATED
PROTECTIVE ORDER
(Case No. 2:14-cv-01987-RSM) -9

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**RICHARDSON PATRICK
WESTBROOK & BRICKMAN, LLC**
1017 Chuck Dawley Blvd.
Mount Pleasant, South Carolina 29464
TELEPHONE: (843) 727-6500
FACSIMILE: (843) 881-6183

apply except that disclosure of "Highly Confidential Information—Attorneys'
Eyes Only" material may only be disclosed by a Receiving Party to the
following:

(a)    the Receiving Party's Outside Counsel of record in this action, as well as
employees of said Counsel to whom it is reasonably necessary to
disclose the information for this litigation;

(b)    Experts (as defined in this Order) (1) to whom disclosure is reasonably
necessary for this litigation, and (2) who have signed the "Agreement to
Be Bound by Protective Order" (Exhibit A);

(c)    the Court and its personnel;

(d)    court reporters, their staffs, and professional vendors to whom disclosure
is reasonably necessary for this litigation and who have signed the
"Agreement to Be Bound by Protective Order" (Exhibit A); and

(e)    the author of the document or the original source of the information;

(f)    during their depositions, witnesses in the action to whom disclosure is
reasonably necessary and who have signed the "Agreement to Be Bound
by Protective Order" (Exhibit A).  Pages of transcribed deposition
testimony or exhibits to depositions that reveal Protected Material must
be separately bound by the court reporter and may not be disclosed to
anyone except as permitted under this Stipulated Protective Order.

(g)    The Receiving Party shall be responsible for securing the "Agreement to
Be Bound by Protective Order" required pursuant to subsection (b),
vendors under subsection (d) of this provision, and under subsection (f),

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**RICHARDSON PATRICK**
**WESTBROOK & BRICKMAN, LLC**
1017 Chuck Dawley Blvd.
Mount Pleasant, South Carolina 29464
TELEPHONE: (843) 727-6500
FACSIMILE: (843) 881-6183

for any witnesses it produces for a deposition .The Designating Party shall be responsible for securing the "Agreement to Be Bound by Protective Order" required pursuant to subsection (d) for court reporters or their staffs and, for the purpose of subsection (f), for any witnesses it produces for a deposition in addition to any third party witnesses.

8.3.    Notwithstanding the foregoing provisions of Section 8, with regard to any disclosure of documents or testimony that would divulge privileged communications that fall within the fiduciary exception to the attorney-client privilege as recognized in the Court's November 21, 2016 Order granting Plaintiff's Second Motion to Compel (Dkt No. 140), the procedures set forth in the Stipulation and Order Re: Independent Trustee Discovery (Dkt. No. 141-1), shall apply.

9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)    promptly notify the designating party in writing and include a copy of the subpoena or court order and shall not produce any confidential material in response to the subpoena or court order until the passage of five (5) business days after notice to the designating party (to provide the designating party to take any steps available to it under the law to challenge the subpoena or court order);

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

RICHARDSON PATRICK
WESTBROOK & BRICKMAN, LLC
1017 Chuck Dawley Blvd.
Mount Pleasant, South Carolina 29464
TELEPHONE: (843) 727-6500
FACSIMILE: (843) 881-6183

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement.  Such notification shall include a copy of this agreement; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and Section D of the Agreement Regarding Discovery of Electronically-Stored Information and Order dated November 19, 2015 ("ESI Agreement").  If the parties cannot resolve a dispute with regard to the inadvertent production of any document and its return under Section D of the ESI Agreement, the procedure set forth in Section 6.3 shall apply, and the producing party shall

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**RICHARDSON PATRICK
WESTBROOK & BRICKMAN, LLC**
1017 Chuck Dawley Blvd.
Mount Pleasant, South Carolina 29464
TELEPHONE: (843) 727-6500
FACSIMILE: (843) 881-6183

have the burden of persuasion under Rule of Evidence 502(b). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review.

12.   NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated this 15th day of February, 2016.

By: s/ Michael D. Woerner
By: s/ Tana Lin
By: s/ Laura R. Gerber
By: s/ Ian Mensher

Michael D. Woerner, WSBA No. 15452
Tana Lin, WSBA No. 35271
Laura R. Gerber, WSBA No. 34981
Ian Mensher, WSBA #39593
**Keller Rohrback L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: 206-623-1900

By: s/ Ronald L. Berenstain
s/ David F. Taylor
s/ Sean C. Knowles

Ronald L. Berenstain, WSBA No. 7573
David F. Taylor, WSBA No. 25689
Sean C. Knowles, WSBA No. 39893
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206-359-8000
Facsimile: 206-359-9000
Email: rberenstain@perkinscoie.com

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

RICHARDSON PATRICK
WESTBROOK & BRICKMAN, LLC
1017 Chuck Dawley Blvd.
Mount Pleasant, South Carolina 29464
TELEPHONE: (843) 727-6500
FACSIMILE: (843) 881-6183

Facsimile:  206-623-3384
Email: mwoerner@kellerrohrback.com
    tlin@kellerrohrback.com
    lgerber@kellerrohrback.com
    imensher@kellerrohrback.com

dftaylor@perkinscoie.com
sknowles@perkinscoie.com

Michael J. Brickman (*Admitted Pro Hac Vice*)
**Richardson, Patrick, Westbrook &
Brickman, LLC**
174 East Bay Street
Charleston, SC 29401
Telephone:  843-727-6520
Facsimile:  843-727-3103
Email:  mbrickman@rpwb.com

John D. Donovan (*Admitted Pro Hac Vice*)
Robert A. Skinner (*Admitted Pro Hac Vice*)
Amy D. Roy (*Admitted Pro Hac Vice*)
**Ropes & Gray LLP**
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Telephone:  617-951-7000
Facsimile:  617-951-7050
Email:    John.Donovan@ropesgray.com
    Robert.Skinner@ropesgray.com
    Amy.Roy@ropesgray.com

Nina Fields Britt (*Admitted Pro Hac Vice*)
James C. Bradley (*Admitted Pro Hac Vice*)
Matthew A. Nickles (*Admitted Pro Hac Vice*)
**Richardson, Patrick, Westbrook &
Brickman, LLC**
1037 Chuck Dawley Boulevard, Bldg. A
Mount Pleasant, SC 29465
Telephone:  843-727-6500
Facsimile:   843-216-6509
Email:  nfields@rpwb.com
    jbradley@rpwb.com
    mnickles@rpwb.com

John C. Ertman (*Admitted Pro Hac Vice*)
**Ropes & Gray LLP**
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone:  212-596-9000
Facsimile:  212-596-9090
Email:  John.Ertman@ropesgray.com

***Attorneys for Defendants Pacific Investment
Management Company LLC and PIMCO
Investments LLC***

***Attorneys for Plaintiff***

PURSUANT TO STIPULATION, IT IS SO ORDERED

DATED: February 22, 2017

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

AMENDED STIPULATED
PROTECTIVE ORDER
(Case No. 2:14-cv-01987-RSM) -14

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**RICHARDSON PATRICK
WESTBROOK & BRICKMAN, LLC**
1017 Chuck Dawley Blvd.
Mount Pleasant, South Carolina 29464
TELEPHONE: (843) 727-6500
FACSIMILE: (843) 881-6183

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I

have read in its entirety and understand the Stipulated Protective Order that was issued by the

United States District Court for the Western District of Washington on [date] in the

case of *Robert Kenny v. Pacific Investment Management Company LLC, et al*, W.D.Wash. No.

2:14-cv-01987-RSM. I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me

to sanctions and punishment in the nature of contempt. I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

AMENDED STIPULATED
PROTECTIVE ORDER
(Case No. 2:14-cv-01987-RSM) -15

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**RICHARDSON PATRICK**
**WESTBROOK & BRICKMAN, LLC**
1017 Chuck Dawley Blvd.
Mount Pleasant, South Carolina 29464
TELEPHONE: (843) 727-6500
FACSIMILE: (843) 881-6183

1

## **<u>EXHIBIT B</u>**

2

_____ is producing documents pursuant to subpoena in the above-

3

captioned case (the "Lawsuit"). _____ shall be bound by, and the

4

documents produced pursuant to subpoena in the Lawsuit shall be treated in accordance with,

5

the Amended Protective Order entered in the Lawsuit on _____, 2017.

6

7

8

Dated: _____

9

_____

[Name]

10

By:_____

11

Its:_____

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, Washington 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**RICHARDSON PATRICK
WESTBROOK & BRICKMAN, LLC**
1017 Chuck Dawley Blvd.
Mount Pleasant, South Carolina 29464
TELEPHONE: (843) 727-6500
FACSIMILE: (843) 881-6183