UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT KENNY, <br><br> Plaintiff, <br><br> v. <br><br> PACIFIC INVESTMENT MANAGEMENT COMPANY LLC, a Delaware limited liability company; PIMCO INVESTMENTS LLC, <br><br> Defendants. | Case No. C14-1987 RSM <br><br> ORDER ON MOTIONS TO SEAL |

On May 22, 2018, the Court requested supplemental briefing to summarize all previous arguments to seal documents for the pending Motions for Summary Judgment, Dkts. #154 and #162. *See* Dkt. #232. This matter comes before the Court on the subsequent Motion to Seal filed by Defendants. Dkt. #235.

"There is a strong presumption of public access to the court's files." LCR 5(g). "Only in rare circumstances should a party file a motion, opposition, or reply under seal." LCR 5(g)(5). Normally the moving party must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." LCR 5(g)(3)(B). However:

ORDER ON MOTIONS TO SEAL - 1

> Where parties have entered a litigation agreement or stipulated protective order (see LCR 26(c)(2)) governing the exchange in discovery of documents that a party deems confidential, a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B) above. Instead, the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion.

LCR 5(g)(3). A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal citations omitted). For dispositive motions, the presumption may be overcome by demonstrating "compelling reasons." *Id.*; *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1135-36 (9th Cir.2003). Applying the "compelling reasons" standard, the Ninth Circuit has found appropriate the sealing of documents attached to a motion for summary judgment when court records could be used "as sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (2016).

As an initial matter, the parties appear to agree that certain documents and portions of documents should be sealed to protect personally identifiable information, medical information, and attorney-client privileged information. The Court agrees there are compelling reasons to seal these documents and will keep them under seal: Dkt. #163: Exs. 34, 37, and 43; Dkt. #179: Ex. 56 and Ex. 7 at 138:12–140:18; Dkt. #189: Ex. 3; Dkt. #205: Ex. 3 and Ex. 1 at 371:2–372:9. Plaintiff must submit new redacted versions of Dkt. #179 Ex. 7 and Dkt. #205 Ex. 1 with only these redactions.

The remaining documents Defendants wish to seal fall into the following categories. *See* Dkt. #235, 5–6 (chart of exhibits).

**A. Personnel Evaluations**

ORDER ON MOTIONS TO SEAL - 2

Defendants request to seal employee performance self-evaluations for three PIMCO executives, Brent Harris (Chairman of the PIMCO Funds), Douglas Hodge (former CEO), and Peter Strelow (Co-Chief Operating Officer). These self-evaluations are anywhere from three to eight years old. Defendants argue that they "reveal PIMCO's highly confidential business strategies and information about PIMCO's operations and internal governance," and considers such trade secrets. Dkt. #235 at 9. Defendants contend that public revelation of these self-evaluations could lead to poaching of clients or employees by PIMCO's competitors. *Id*.

The Court finds Defendants have failed to demonstrate that these documents reveal information rising to the standard of trade secrets or otherwise protected business information. These evaluations tell of business accomplishments in broad strokes. Much of the information was retrospective when it was drafted years ago, is likely stale, and is unlikely to harm PIMCO. PIMCO's argument that self evaluations could lead to the poaching of employees is speculative and unsupported. Plaintiff is to file unsealed versions of all of these exhibits (Dkt. #163: Exs. 20–22; Dkt. #179: Exs. 36–39).

**B. Individual Compensation Data**

This category of exhibits includes information about compensation paid to PIMCO managing directors and portfolio managers as recently as 2016. Defendants argue that the exhibits showing this category of information could lead to harm for PIMCO. Dkt. #235 at 10 (citing *Beaulieu Grp., LLC v. Bates*, No. EDCV 15-1090, 2016 WL 7626471 JGB, at *3-4 (C.D. Cal. Oct. 18, 2016)). Defendants specifically contend that "disclosure of individual compensation amounts could destabilize a firm's internal business dynamics," and "would be a boon to competitors who could use such information to recruit PIMCO personnel or otherwise compete with PIMCO for talent." *Id*. The Court generally agrees with these arguments, finds

that PIMCO would likely suffer at least some harm internally and externally from the publication of these exhibits, and finds that PIMCO has set forth compelling reasons to keep them sealed. Dkt. #163: Ex. 23 and Dkt. #179: Ex. 33 are to REMAIN SEALED.

**C. Business Strategy Discussions Among Senior Management**

Exhibit 32 from Dkt. #179 is a document entitled "Murder on the PIMCO Express," authored by William H. Gross. According to Defendants it discusses compensation information and PIMCO's confidential internal governance matters and business strategies. The Court has reviewed this document and finds that it discusses these topics only in the most general terms unlikely to reveal trade secret or other sensitive information, and that Defendants have failed to demonstrate compelling reasons for keeping it sealed.

Exhibit 34 from Dkt. #179 is an internal presentation prepared by PIMCO for its parent company, Allianz, dated October 30, 2014. Defendants argue it contains confidential analysis of PIMCO's financial and operational positions relative to its competitors. The Court finds that whatever confidential analysis it contains is stale and no longer likely to offer a competitive advantage to PIMCO's competitors. The same can be said for the remaining exhibits in this category.

Defendants argue that the remaining exhibits in this category "reflect the most key and proprietary business decisions for an asset management firm, including product mix, product pricing, executive-level staffing, and succession planning" and "are documents that PIMCO's competitors would be able to use immediately to the detriment of PIMCO." Dkt. #235 at 11. Defendants cite to *Velasco v. Chrysler Grp. LLC*, No. CV 13-08080 DDP (VBK), 2017 WL 388797, at *2 (C.D. Cal. Jan. 26, 2017) for the proposition that "district courts in this Circuit have sealed records containing information about proprietary business operations, a company's

business model[,] or agreements with clients, internal policies and strategies, and manufacturing information." *Id.* Defendants do not walk through the exhibits in this category and explain *how* PIMCO's competitors would be able to use each of them to the detriment of PIMCO. Instead, Defendants generally repeat boilerplate language with the words "confidential" and "significant harm." The Court finds that Defendants' arguments are speculative and unsupported. Plaintiff is to file unsealed versions of all of these exhibits (Dkt. #163: Ex. 19; Dkt. #179: Exs. 7, 9, 32, 34, 35, 52, 58, 61).

### D. Documents Regarding PIMCO's Other Clients

This category refers to five documents, two investment management agreements between PIMCO and certain clients, an email chain containing negotiations between PIMCO and a client, a document containing information about PIMCO's business relationships with account holders and the fees they pay, and a related attorney declaration. Defendants argue that "PIMCO's relationships with these clients (and potentially others) would be harmed" by disclosure of these documents. Dkt. #235 at 12. Defendants argue that the sales practices and negotiation of fees charged to third-party clients are unrelated to this case and commercially sensitive and could cause "substantial competitive harm." *Id*.

Plaintiff argues that these documents are relevant to this case because they show the lower fees paid by PIMCO's private clients. Dkt. #236 at 13. Plaintiff argues that any competitive harm alleged by Defendants is conjectural, and that the information is stale because it dates from 2013 and 2014. Plaintiff suggests that client names could be redacted.

The Court agrees with Plaintiff. Defendants have failed to make a sufficient showing of compelling reasons to seal these documents, and any concern for client confidentiality could be addressed through redactions. The Court will order these documents unsealed with client

ORDER ON MOTIONS TO SEAL - 5

names redacted. Plaintiff is to file these new redacted versions on the docket (Dkt. #179: Bradley Decl. and Exs. 40, 41, 45, 46).

### E. Additional Commercially Sensitive Confidential Information

According to Defendants, "[w]hereas the documents in Category C deal with enterprise strategies at the heart of PIMCO's business, the documents in Category E concern more granular proprietary information, such as profitability figures, portfolio management strategy, headcount analyses, and internal analyses of PIMCO's relationship and interactions with the Board of Trustees of PIMCO Funds..." Dkt. #235 at 13. The Court has reviewed these documents and again finds that much of the information is stale and no longer likely to offer a competitive advantage to PIMCO's competitors, and that Defendants again make speculative and unsupported assertions of how these documents will help PIMCO's competitors. Plaintiff is to file unsealed versions of all of these exhibits (Dkt. #157 Ex. 16; Dkt. #163; Ex. 7; Dkt. #179: Exs. 5, 6, 8, 11, 12, 44, 47–51, 53, 59, 60, 62).

### F. Confidential Agreement

This single document is an agreement that "reflects the results of discussions regarding transitional matters relating to Mr. Popejoy's board service." Dkt. #235 at 13–14. Defendants offer the briefest of arguments in support of sealing: "Disclosure of this document would have harmful effects on PIMCO, Leshaw Decl., ECF No. 170, ¶ 16, and PIMCO respectfully submits that it should remain under seal." *Id.* at 14. The Leshaw Declaration states only that this document: "reveals sensitive information about PIMCO's operations and internal governance. Disclosure of Exhibit 44 would have harmful effects on PIMCO." Dkt. #170 at ¶ 16. This is purely boilerplate language. Defendants have failed to meet their burden and Plaintiff is to file an unsealed versions of this exhibit (Dkt. #163; Ex. 44).

### G. Board Deliberative Process Documents

This category refers to "documents reflecting the deliberative process of the Board, including excerpted independent trustee deposition transcripts, emails among independent trustees, minutes of the Board and its committees, and an attorney declaration describing deliberations of the Board." Dkt. #235 at 14. Defendants propose redactions because "public scrutiny would harm the deliberative process of the Board, which depends on its ability to engage in candid discussions regarding fund management fees and Board self-governance issues." *Id*. Defendants do not cite to any case law to support the sealing of documents based on the deliberative process of a board. Instead, Defendants offer declarations of Megan C. Johnson, independent counsel to the Independent Trustees, and Ronald C. Parker, an independent trustee since July 2009. *Id*. (citing Dkts. #171, #172, #218, and #227). Mr. Parker states that the trustees operate with the understanding that specific details of meeting minutes and the like would remain confidential, and that this encourages trustees to be candid and thus more effective in fulfilling their statutory role of overseeing PIMCO's management of the PIMCO funds. Dkt. #171. Ms. Johnson states that SEC rules only require disclosure of certain information, and that the trustees assume that their deliberations are generally going to remain confidential for the same reasons as stated by Mr. Parker. *See, e.g.,* Dkt. #172.

Plaintiff cites to *In re Biglari Holdings, Inc., Shareholder Deriv. Litig.*, No. 1:13-cv-00891-SEB-MJD, 2014 WL 12768501 at *4 (S.D. Ind. Apr. 23, 2014) as a case where the court rejected sealing documents like these. Dkt. #236 at 14–15. Plaintiff argues that the declarations of Megan Johnson and Ronald Parker do not support Defendants' contentions, because a) Ms. Johnson "does not opine as to whether Defendants (not the Board) would suffer any harm through disclosure;" b) she also fails to state why disclosure of stale information

ORDER ON MOTIONS TO SEAL - 7

involving former Board members would cause a present or future harm to the current Board or "chill" discussions; c) Mr. Parker only speaks in general terms that disclosure of any Board materials would cause the above harm, and "[n]o evidence shows why disclosure of these specific and dated records… would impede the current Board's ability to serve as fiduciaries." *Id.* at 15. Plaintiff also argues that the materials at issue here are dated and general, and "far afield… from actual trade secrets." *Id.* at 16.

The Court agrees with Plaintiff. Defendants have failed to make a sufficient showing of compelling reasons to seal these documents, failing to cite to legal authority for sealing documents due a deliberative process privilege and failing to submit sufficient evidence that public revelation of these documents would chill board discussions or otherwise reveal information that could harm Defendants. Plaintiff is to file unsealed versions of all of these exhibits (Dkt. #157 Exs. 13, 18, 19; Dkt. #163; Lin Decl. and Exs. 3, 18, 28, 31–35, 38, 40–42; Dkt. #179: Exs. 13–16, 24, 55; Dkt. #189 Exs. 1, 2, 4; Dkt. #197 Exs. 2, 4, 12, 13).

### H. PIMCO Materials Provided to the Board

This category includes materials that PIMCO provided to the Board "to facilitate the trustees' consideration of the adviser's services and fees as part of the annual '15(c) process' required by statute." Dkt. #235 at 15. Defendants argue that the same reasons for sealing discussed in categories C, E, and G apply here as well. *Id*. Defendants' remaining arguments repeat the legal standard for sealing without connecting that standard to specific details in these documents. As the Court has already decided to unseal all documents in categories C, E, and G for the reasons stated above, it will unseal these documents as well. Plaintiff is to file unsealed versions of all of these exhibits (Dkt. #157 Exs. 6–12, 15; Dkt. #179 Exs. 21–25, 27, 28; Dkt. #197 Exs. 1, 3).

### I. Dechert Memoranda and Related Documents

This category contains the advice and material provided by Dechert LLP to the Independent Trustees as their independent counsel. Defendants state "[a]s explained in the declarations cited [above], especially those of Ms. Johnson (of Dechert) and Mr. Parker (lead Independent Trustee), the Board views the information in Category I as confidential and proprietary and believes that its disclosure would harm the Board's deliberative process and the oversight function." Dkt. #235 at 16. Defendants also argue that this information "merits sealing as part of the course of a confidential negotiation." *Id.* (citing *Wacom Co. v. Hanvon Corp.*, No. C06 -5701RJB, 2008 WL 623631, at *2 (W.D. Wash. Mar. 4, 2008) (granting motion to seal "information pertaining to a confidential negotiation")). Plaintiff raises the same arguments to these documents as in category G above. Plaintiff also argues that *Wacom* does not support Defendants' claim, as the court in *Wacom* considered an unopposed motion to seal and did not include any analysis about what materials were being sealed or why. Dkt. #236 at 16. Plaintiff contends that the memoranda at issue are from 2014 and 2015 and therefore contain stale information. *Id.*

The Court finds that the parties make the same arguments as in category G above, and will unseal these documents for the same reasons. *Wacom* does not support Defendants' arguments to seal for the reasons stated by Plaintiff; Defendants' thin arguments do not meet their burden of demonstrating compelling reasons to seal these documents. Plaintiff is to file unsealed versions of all of these exhibits (Dkt. #163 Exs. 29, 30; Dkt. #179 Ex. 26; Dkt. #197 Ex. 6).

### J. Expert Reports and Deposition Transcripts

Defendants ask to seal these documents as they refer to the materials in the other categories. Neither party makes any new arguments. The Court concludes that these documents should only be redacted to the extent they contain information sealed by the Court in this Order, *i.e.* information from documents in Category B above. The parties are to meet and confer as to these redactions and post new redacted versions for these exhibits (Dkt. #157 Exs. 22, 23; Dkt. #163 Exs. 4–6; Dkt. #179 Exs. 1–4, 17).

### K. Personally Identifiable Information in Trustee Retirement Policy

The parties agree to seal these exhibits, and they have already been addressed above.

### L. Declarations in Support of PIMCO's Opposition to Plaintiff's Motion

Defendants propose to redact portions of the Helm and Parker Declarations offered in support of Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment, Dkts. #198 and 199. The parties raise the same arguments to these documents as to those in category G above, and Defendants do not address these documents in any detail. The Court will unseal these documents for the same reasons as stated in section G. Plaintiff is to file unsealed versions of these exhibits (Dkts. #198 and #199).

### M. Corresponding Redactions in Briefs

Defendants offer no new legal argument or any factual detail to support sealing the briefing. *See* Dkt. #235 at 17–18. Given the Court's other rulings above, the Court finds that the only redactions that are permitted are those passages that directly cite information from exhibits sealed in category B above or from the exhibits the parties have agreed to keep under seal for containing personally identifying, medical, or attorney-client privileged information. The parties are to meet and confer on this issue and file new redacted versions of their briefing accordingly.

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

1) The Motion to Seal filed by Defendants (Dkt. #235) is GRANTED IN PART as stated above.

2) All docket entries currently sealed shall remain sealed.

3) The parties are to meet and confer as stated above.

4) Plaintiff shall file new unsealed or redacted versions of the documents as stated above no later than **twenty-one (21) days** from the date of this Order. Plaintiff is to label, compile, and file these documents in an organized manner so as to show as clear as possible how they relate to previously-filed exhibits.

5) The parties shall file new redacted versions of their briefing as stated above no later than **twenty-one (21) days** from the date of this Order.

DATED this 6th day of July 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE