UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT KENNY,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC INVESTMENT MANAGEMENT COMPANY LLC, a Delaware limited liability company; PIMCO INVESTMENTS LLC,<br><br>Defendants. | Case No. C14-1987 RSM<br><br>ORDER TO SHOW CAUSE RE: REQUEST TO WITHDRAW RECORDS |

On August 8, 2018, the parties filed a stipulation of dismissal with prejudice, citing Rule 41(a)(1)(A)(ii). Dkt. #243. Accordingly, this action is dismissed with prejudice. This takes effect without a court order. All pending motions will be terminated as moot.

The stipulation also provided notice that the parties intend to withdraw their pending cross-motions for summary judgment, Dkts. #154 and #162, and all supporting materials. Although this would normally be unnecessary in a dismissed case, an explanation arrives in the following sentence: "For the avoidance of doubt, pursuant to LCR 5(g)(6), in light of their withdrawal, the parties request that material currently filed under seal remain sealed." *Id*. at 2.

ORDER TO SHOW CAUSE RE: REQUEST TO WITHDRAW RECORDS - 1

Local Rule 5(g)(6) states:

> When the court denies a motion to seal, the clerk will unseal the document unless (1) the court orders otherwise, or (2) the party who is relying on the sealed document requests in the motion to seal or response that, if the motion to seal is denied, the court withdraw the document from the record rather than unseal it. If a document is withdrawn on this basis, the parties shall not refer to it in any pleadings, motions or other filings, and the court will not consider it. For this reason, parties are encouraged to seek a ruling on motions to seal well in advance of filing underlying motions relying on those documents.

This rule does not apply. The Court has "denied a motion to seal," but the parties who are relying on the sealed documents have not requested "*in the motion to seal or response* that… the court withdraw the document from the record rather than unseal it." The parties had the opportunity in numerous motions to seal and responses to motions to seal to cite to this rule and request that the court withdraw the documents at issue rather than unseal. The parties did not take advantage of those opportunities. Such a request made now, after the Court has ruled on the motions to seal and after this case has been dismissed, is not permitted by this Local Rule. The Court believes that such a request is contrary to the "strong presumption of public access to the court's files." *See* LCR 5(g).

The Court has ordered Plaintiff to file new unsealed or redacted version of the documents at issue by August 10, 2018. *See* Dkts. #238 and #242. However, given the clear importance of this issue to the parties, the Court will further extend that deadline to allow the parties a final chance to explain why they should be permitted to withdraw the documents from the record rather than have the Court unseal them.

The Court hereby finds and ORDERS that the parties shall each file a Response to this Order to Show Cause containing the detail described above no later than **seven (7) days** from

ORDER TO SHOW CAUSE RE: REQUEST TO WITHDRAW RECORDS - 2

the date of this Order.  Each Response is not to exceed three (3) pages.  Attachments are not permitted.

DATED this 9th day of August 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER TO SHOW CAUSE RE: REQUEST TO WITHDRAW RECORDS - 3