UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT KENNY, <br><br> Plaintiff, <br><br> v. <br><br> PACIFIC INVESTMENT MANAGEMENT COMPANY LLC, a Delaware limited liability company; PIMCO INVESTMENTS LLC, <br><br> Defendants. | Case No. C14-1987 RSM <br><br> ORDER ON ORDER TO SHOW CAUSE AND REQUEST TO WITHDRAW RECORDS |

On July 6, 2018, the Court issued a ruling on all previous Motions to Seal, ordering Plaintiff to "file new unsealed or redacted versions of the documents as stated above" and ordering the parties to "file new redacted versions of their briefing as stated above." Dkt. #238. The deadline to comply with that Order was July 27, 2018, later extended to August 3, and then August 10. *See* Dkts. # 238, #240, and #242.

On August 8, 2018, the parties filed a stipulation of dismissal with prejudice. Dkt. #243. The stipulation also stated the parties' intent to withdraw their pending cross-motions for summary judgment, Dkts. #154 and #162, and all supporting materials. The parties stated, "[f]or the avoidance of doubt, pursuant to LCR 5(g)(6), in light of their withdrawal, the parties request that material currently filed under seal remain sealed." *Id*. at 2.

ORDER ON ORDER TO SHOW CAUSE AND REQUEST TO WITHDRAW RECORDS - 1

The Court ruled that LCR 5(g)(6) was inapplicable to the current situation and that the Court believed the parties' request was contrary to the "strong presumption of public access to the court's files." Dkt. #238 (citing LCR 5(g)). The parties were ordered to show cause why withdrawal of the documents from the record should be permitted. *Id*.

In their responsive brief, Defendants contend that "the public has minimal interest in access to materials that will not form the basis of any court decision," and that "PIMCO has demonstrated valid confidentiality interests." Dkt. #245 at 2. Defendants cite to a Northern District of California case for the proposition that "the public's interest in accessing the documents at issue in a motion on which the Court did not rule on the merits is low" because "public access to the records cited in [a moot] motion will not further the public's understanding of the reasoning underlying the Court's decisions." *Id*. (citing *CreAgri, Inc. v. Pinnaclife Inc.*, No. 5:11-CV-06635-LHK, 2014 WL 27028, at *1 (N.D. Cal. Jan. 2, 2014), *aff'd*, 579 F. App'x 1003 (Fed. Cir. 2014)). Defendants argue that "the public's interest in access to the documents is weak" when a court "consider[s] the documents only to determine whether to seal them." *Id*. at 2–3 (citing *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009)). According to Defendants, the Court need not follow the "compelling reasons" standard in determining whether to unseal these documents "[n]ow that this litigation has been resolved and the motions rendered moot." *Id*. at 3. Defendants proceed with the good cause standard for the materials at issue, arguing, *inter alia*, that they "are the same types of materials that the Court previously found appropriate for sealing under the 'good cause' standard in connection with the parties' discovery disputes." *Id*. at 4 (citing Dkt. #82).

Plaintiff states that he "believes that the request to permanently seal the materials is appropriate given the change in the posture of this case." Dkt. #246 at 2. Plaintiff asserts that

ORDER ON ORDER TO SHOW CAUSE AND REQUEST TO WITHDRAW RECORDS - 2

"the parties' resolution of this case was in no way conditioned on the sealing of these documents…" *Id*. Plaintiff essentially makes no further argument.

Plaintiff's change in tone is surprising. Two months ago, before settlement, Plaintiff filed a 22-page brief vigorously arguing in support of public access to Court filings and the particular reasons why these documents should be made public. *See* Dkt. #236. The Court believes Plaintiff's capitulation on this issue *did* play a role in the settlement, even if settlement was not "conditioned" on the sealing of documents.

An empty stipulation by the parties is typically insufficient to get the Court to agree to seal records. Now the parties have provided substantive arguments in what has essentially become a motion for reconsideration. Plaintiff acknowledges this in a footnote: "[t]o the degree the Court views the parties' Stipulation of Dismissal as a request to reconsider the Court's order on the Motion to Seal, Plaintiff believes that the parties' resolution of this case and the withdrawal of the motions for summary judgment present 'new facts . . . which could not have been brought to the Court's attention earlier with reasonable diligence.'" Dkt. #246 at 2 n.1 (citing Local Rule 7(h)(1)).

The parties should have made these arguments earlier. The Court does not condone negotiating to seal documents the Court has already ruled to unseal. Nevertheless, the Court reluctantly agrees that the public's interest in the documents has significantly decreased with the Court no longer ruling on the corresponding Motions for Summary Judgment. These documents will not form the basis for a substantive Court decision. Furthermore, Defendants have successfully demonstrated good cause to seal these documents in their responsive brief.

Given all of the above, the Court hereby finds and ORDERS that the parties' cross-motions for summary judgment and all briefing, declarations, exhibits, and supporting materials

offered in support thereof shall remain sealed and shall not be unsealed unless by further order of this Court. The parties need not file new versions of the documents as previously ordered by the Court at Dkt. #238.

DATED this 10 day of September 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER ON ORDER TO SHOW CAUSE AND REQUEST TO WITHDRAW RECORDS - 4